E-FILED on   9/2/2010

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>             Plaintiff,<br><br>        v.<br><br>SUTTER'S PLACE, INC. dba BAY 101 or BAY 101 CASINO, UNITED HERE! LOCAL 19, and DOES 1 through 20, inclusive,<br><br>             Defendants. | No. C-10-2181 RMW<br><br>ORDER GRANTING DEFENDANT UNITED HERE! LOCAL 19'S MOTION TO DISMISS<br><br>**[Re Docket No. 19]** |

    This case arises out of a dispute regarding plaintiff's employment by defendant Sutter's Place, dba Bay 101. More specifically, the case against Bay 101 involves allegations of workplace discrimination against plaintiff, the termination of her employment, and compensation alleged to be owed to her. The case also arises from plaintiff's dissatisfaction with defendant United Here! Local 19's representation of plaintiff in union grievance proceedings under the collective bargaining agreement with Bay 101. Local 19 has moved to dismiss the two claims asserted against it. Plaintiff opposes the motion. The motion came on for hearing before the court on August 27, 2010. Having considered the papers submitted by the parties and the arguments at hearing, and for good cause appearing, Local 19's motion is granted with leave to amend.

ORDER GRANTING DEFENDANT UNITED HERE! LOCAL 19'S MOTION TO DISMISS—No. C-10-2181 RMW
TER

## BACKGROUND

Plaintiff Cuc Dang is a Vietnamese American female who worked at Bay 101 for three and one-half years, ending in December 2009.  She was also a dues paying member of Local 19 and was covered by a collective bargaining agreement.  Plaintiff alleges that she was subjected to workplace sexual harassment and discrimination, that she was subjected to unlawful retaliation in the workplace for reporting the harassment, that her employment was wrongfully terminated, and that she was not paid all of the compensation to which she was entitled.  Plaintiff filed a grievance for the discrimination, harassment and unfair disciplinary action taken against her, which proceeded through mediation, following which no further action was taken.  Plaintiff alleges that Local 19 failed to adequately represent her at her grievance, among other things by failing to provide an adequate translator for the proceedings and failing to present favorable evidence, and thereby breached the duty of fair representation.  Plaintiff also filed a grievance with regard to her termination.  That grievance has proceeded through mediation and, as of the filing of the present motion, was scheduled to occur in mid-August, 2010.

The First Amended Complaint seeks to assert eleven claims for relief, only two of which are asserted against Local 19, specifically, the tenth claim for relief for breach of the duty of fair representation and the eleventh claim for relief for the infliction of emotional distress.  Local 19 moves to dismiss both claims; each claim will be addressed in turn.

## ANALYSIS

### 1. Breach of Duty of Fair Representation

Local 19 asserts that plaintiff has failed to plead sufficient facts to support a claim for the breach of the duty of fair representation.  Instead, contends Local 19, the First Amended Complaint contains only conclusory allegations of the elements of the cause of action, a pleading which fails to meet the requirements enunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

A union breaches its duty of fair representation "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  A union's actions are arbitrary "only if, in the light of the factual and legal

ORDER GRANTING DEFENDANT UNITED HERE! LOCAL 19'S MOTION TO DISMISS—No. C-10-2181 RMW
TER                                        2

landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). In order to establish that a union's activity is discriminatory or in bad faith, there must be substantial evidence of fraud, deceitful action or dishonest conduct. *Knowles v. PG&E Co.*, 2008 U.S. Dist. LEXIS 57889 at *17 (July 8, 2008) *quoting Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 299 (1971).

Local 19 contends that he First Amended Complaint does not allege facts that would demonstrate that Local 19's actions were discriminatory or in bad faith, or arbitrary. To the extent that the claim is based upon Local 19's decision not to pursue the first grievance beyond mediation to arbitration, the claim fails. It argues that a union's decision to pursue a grievance is an exercise of the union's judgment and does not support a claim that the union's action was arbitrary. *Ajifu v. IAM*, 205 Fed. Appx. 488, 490 (9th Cir. 2006).

By and large, plaintiff does not address the authorities cited by defendant. Instead, she argues that handling a grievance in a perfunctory manner is sufficient to breach the duty of fair representation. *Vaca* 386 U.S. at 191. Failing to investigate the grievance can also give rise to a claim for breach of the duty of fair representation. *Tenorio v. National Labor Relations Board*, 680 F.2d 598, 601 (9th Cir. 1982). So too, failure to communicate with the claimant in processing the grievance is sufficient to state a claim. *Tenorio; Retana v. Apartment Motel, Hotel & Elevator Operators Union Local 14*, 453 F.2d 1018, 1024 (9th Cir. 1972); *Minnis v. Autor Workers*, 531 F.2d 850, 853-54 (8thCir. 1975). Also, failing to ensure that language barriers do not deprive a union member from effectively participating in the grievance process (*Retana*) and failing to interview or call witnesses with information relevant to the grievance also states a claim. *Banks v. Bethlehem Steel Corp.*, 870 F.2d 1438, 1443 (9th Cir. 1989).

Plaintiff also argues that the First Amended Complaint adequately pleads facts to state a claim for breach of the duty of fair representation. In doing so, however, she goes beyond the complaint and relies on supporting declarations to identify further additional facts which she

contends support her claim.[1]  *See* Opposition at 2-3, citing Dang Declaration and Summers Declaration.

Paragraphs 29 and 30 are the paragraphs that appear to be addressed to the facts underlying the breach of duty of fair representation claim.  Paragraph 29 alleges:

> Plaintiff appeared at the November 23, 2009 mediation, but due to her limited English proficiency, plaintiff was unable to participate in the mediation or to understand exactly what happened at the mediation.  LOCAL 19 did not provide plaintiff with a proper interpreter but called in a co-worker whose English was no better than plaintiff's.  Although plaintiff and her husband requested that he be allowed to be present at the mediation as her representative and for moral support, both BAY 101 and LOCAL 19 rejected the request and excluded plaintiff's husband from the proceeding.  Moreover, LOCAL 19 did not prepare plaintiff for the mediation and did not present any evidence to support plaintiff's version of the events.

Similarly, Paragraph 30 alleges:

> Immediately after the mediation ended, LOCAL 19 sent plaintiff a letter on November 23, 2009 which stated merely that "[p]ursuant to ... the Mediator's decision regarding your grievance, no further action is warranted in these matters.  Therefore, we are closing our file in these matters."  Plaintiff was never provided with any explanation regarding what "decision" the Mediator made that resulted in Local 19's closing of the file.  Attached as Exhibit 3 is a true and correct copy of LOCAL 19's November 23, 2009 letter.

The substance of these paragraphs is repeated in Paragraphs 97-98, immediately followed by the next two paragraphs:

> 99.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Union breached its duty of fair representation to plaintiff by failing to conduct investigation and gather evidence in preparation for the mediation, failing to work with plaintiff and prepare her for the mediation, failing to ensure that plaintiff would be able to understand and participate in the proceeding, refusing to allow plaintiff to have her spouse and representative at the mediation, and failing to protect her from further retaliation by Employer.

> 100.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Union's decision not to pursue the grievance for plaintiff was not made in good faith or in the exercise of discretion, but, on the contrary, was an arbitrary, discriminatory action on their part, motivated by personal animosity toward plaintiff, and resulted from a collusive understanding between Union, its agents and employees, and BAY 101, its agents and employees.

---

[1] Plaintiff presumably submitted these declarations to counter the declaration evidence submitted by Local 19, in anticipation of the court treating the motion to dismiss as a motion for summary judgment.

Very few facts are pleaded in the First Amended Complaint. Those that are pleaded are pleaded in a conclusory manner. As pleaded, the tenth claim for relief does not allege conduct by Local 19 that is arbitrary, discriminatory or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). Accordingly, defendant's motion to dismiss is granted, but plaintiff shall be granted twenty days leave to amend.

2.   **Infliction of Emotional Distress**

Local 19 also seeks dismissal of plaintiff's eleventh cause of action for the intentional or negligent infliction of emotional distress. Local 19 first argues that the claim is preempted by Section 301 of the Labor Management Relations Act. In the alternative, Local 19 asserts that the claim is preempted by the National Labor Relations Act, under *San Diego Build. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) (*Garmon* preemption).

In *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083 (9th Cir. 1991), the Ninth Circuit held that an employee's claim for intentional infliction of emotional distress against a union was preempted by Section 301 when the claim was based on the union's failure to represent the claimant in a grievance with the employer. Dang's emotional distress claim against Local 19 in the present case appears to arise out of the adequacy of Local 19's representation of her in pursuing her grievances against her employer. Under *Perugini*, the claim is preempted.

Plaintiff argues that her emotional distress claim against Local 19 is not preempted because it does not require interpretation of the CBA. Specifically, plaintiff argues that the union's obligations owed to plaintiff, as a member, are not set forth in the CBA, but instead are set forth in case law, and thus, there is no need to interpret the CBA and accordingly, no preemption of her emotional distress claim. She argues:

> Emotional distress claims are not pre-empted when they are based upon rights and obligations independent of the CBA and do not require interpretation of the CBA. Here, the duties Defendant Union owes to Plaintiff are not set forth in the CBA. Nowhere in the CBA is there any provision specifying what obligations Defendant Union has toward Plaintiff and what steps Defendant Union has to undertake to properly prepare Plaintiff for the mediation. Those obligations of fair representation are set forth in case law.... As such, it is not necessary to interpret the CBA to evaluate whether Defendant Union adequately investigated Plaintiff's grievance, whether it sufficiently prepared Plaintiff for the mediation, and whether it handled the mediation in only a perfunctory fashion. Section 31 of the CBA ... provides the procedures and requirements for Defendant Union and Defendant Bay 101 in dealing with each other when processing a grievance. It does not address the duties

> Defendant Union owes to Plaintiff. In short, the emotional distress claim arising from Defendant Union's breach of its duties to Plaintiff is independent of the CBA and, therefore, not pre-empted.

Opp. at 7. Plaintiff cites *Tellez v. PG&E Inc.*, 817 F.3d 536 (9th Cir, 1987), as support for the proposition that an employee's claim for the intentional infliction of emotional distress is not necessarily preempted by Section 301, but she does not address *Perugini*.

As noted by Local 19 in its reply brief, however, plaintiff's reliance on *Tellez* is misplaced. In *Tellez*, the Ninth Circuit held that an employee's claim against an employer for emotional distress arising out of the dissemination of a defamatory suspension letter was not preempted because it was unnecessary to interpret the CBA to determine if the employer's conduct was "outrageous." That analysis is not applicable to the present facts: a claim against the union arising from the adequacy of its representation of the union member in a grievance proceeding under the CBA.

Moreover, plaintiff's brief did not address *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083 (9th Cir. 1991), a case that appears directly on point, and her effort to distinguish the case at oral argument was not persuasive. There, among other claims, a union member sued a union for failure to adequately represent her in a grievance with her employer, and also asserted a claim against the union for infliction of emotional distress. The emotional distress claim was preempted by Section 301 to the extent that it arose from the union's failure to represent her. *Perugini*, 935 F.2d at 1089. So too, plaintiff's emotional distress claim asserted against Local 19 is preempted.[2]

## CONCLUSION

For the foregoing reasons, defendant United Here! Local 19's motion to dismiss is granted. Plaintiff shall have twenty days leave to file an amended complaint.

DATED:     9/2/2010

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] Because the court finds that plaintiff's emotional distress claim is preempted by Section 301, it does not reach Local 19's alternative argument that the claim is preempted by the National Labor Relations Act under *San Diego Build. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).