E-FILED on  11/24/2010

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>        Plaintiff,<br><br>    v.<br><br>SUTTER'S PLACE, INC. dba BAY 101 or BAY 101 CASINO, UNITED HERE! LOCAL 19, and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. C-10-2181 RMW<br><br>ORDER GRANTING IN PART DEFENDANT SUTTER'S PLACE'S MOTION TO DISMISS AND MOTION TO STRIKE<br><br>**[Re Docket No. 13]** |

This case arises out of a dispute related to plaintiff Cuc Dang's employment with Bay 101. Defendant Sutter's Place, Inc., doing business as Bay 101 ("Bay 101"), seeks dismissal of plaintiff's First Amended Complaint brought against it and to have stricken the allegations seeking damages for unfair business practices.  Plaintiff opposes the motions.  They were heard by the court on August 27, 2010.  The court rules as set forth below.

### BACKGROUND

Plaintiff Cuc Dang is a Vietnamese American woman who worked at Bay 101 for three and one-half years, ending in December 2009.  She was also a dues paying member of Local 19 and was covered by a collective bargaining agreement ("CBA").  Plaintiff alleges that she was subjected to workplace sexual harassment and discrimination, unlawful retaliation for reporting the harassment,

wrongful termination of her employment and not being paid the wages to which she was entitled. Plaintiff filed a grievance for the alleged discrimination, harassment and unfair disciplinary action taken against her, which proceeded through mediation, following which no further action was taken. Plaintiff also filed a grievance with regard to the termination of her employment. That grievance has proceeded through mediation and, as of the filing of the present motion, was scheduled for an arbitration to occur in mid-August, 2010.

The First Amended Complaint asserts ten causes of action against Bay 101: (1) failure to provide meal and rest periods in violation of California Labor Code §§ 226.7 and 512; (2) failure to pay overtime wages in violation of the Fair Labor Standards Act under 29 U.S.C. §§ 201 *et seq.* and California Labor Code §§ 510 and 1194; (3) failure to pay wages upon termination, specifically, overtime due for the meal and rest periods not provided in violation of California Labor Code §§ 201 *et seq.*; (4) gender/sex discrimination in violation of California Fair Employment and Housing Act ("FEHA")(California Government Code §§ 12900 *et seq.*); (5) race and national origin discrimination in violation of FEHA (California Government Code §§ 12900 *et seq.*); (6) hostile work environment based upon sex, race and national origin in violation of FEHA (California Government Code §§ 12900 *et seq.*); (7) retaliation in violation of FEHA (California Government Code § 12940); (8) wrongful termination of employment in violation of public policy; (9) unfair business practices under California Business and Professions Code §§ 17200 et *seq*; and (11)[1] intentional and negligent infliction of emotional distress.

Bay 101 seeks dismissal of all claims. Bay 101 first seeks dismissal of all claims on the basis that plaintiff has failed to exhaust the remedies available to her under the CBA. Second, Bay 101 seeks dismissal of the second claim for relief (overtime), the ninth claim for relief (unfair business practice) and the eleventh claim for relief (infliction of emotional distress) on the ground that the claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Third, Bay 101 seeks dismissal of the emotional distress claim on a number of additional

---

[1] The tenth cause of action was brought against only defendant Local Union 19 which has now been dismissed.

ORDER GRANTING IN PART DEFENDANT SUTTER'S PLACE'S MOTION TO DISMISS AND MOTION TO STRIKE—No. C-10-2181 RMW
TER                                            2

United States District Court
For the Northern District of California

grounds.  Finally, Bay 101 seeks an order striking allegations relating to damages plaintiff seeks to recover under the unfair business practices statute.

## ANALYSIS

### A. Exhaustion of Remedies

Bay 101 first contends that plaintiff is precluded from pursuing her claims until she exhausts her remedies available under the CBA.  Section 31 of the CBA sets forth the procedures for resolving grievances over any alleged violation of the CBA.  FAC Exh. 1, Section 31.  Plaintiff has filed two grievances, one of which went only to mediation, and the other of which has been set for arbitration but has not yet been completed.  This latter grievance relates to plaintiff's claim regarding the termination of her employment.  Thus, defendant argues that plaintiff has not exhausted her remedies, and the action should not proceed until plaintiff does so.

Plaintiff argues that she is not required to have exhausted her remedies under the CBA because her claims are not based upon a breach of any provision of the CBA but rather on violations of California statutory law.

As a general rule, union members seeking redress for disputes within the scope of their CBA must exhaust the grievance procedure agreed upon in the CBA.  *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965).  Exhaustion, however, is not required as a prerequisite to state statutory wage claims, in other words, failure to exhaust does not bar claims to enforce rights not obtained through the collective bargaining process.  *See Barrentine v. Arkansas-Best Freight Systems*, 450 U.S. 728, 745 (1981) (claim for violation of minimum wage standard under FLSA not barred by unsuccessful grievance); *Detabali v. St. Luke's Hosp.,* 482 F.3d 1199, 1203-04 (9th Cir. 2007) (FEHA discrimination and retaliation claims not barred); *Cicairos v. Summit Logistics, Inc*., 133 Cal. App. 4th 949, 954 (2005) (statutory claims related to meal periods and rest breaks not required to be arbitrated).  The question here, therefore, is whether the rights sued upon were obtained through the CBA and thus preempted by § 301(a) of the Labor Management Relation Act ("LMRA") (29 U.S.C. § 185(a)).

Plaintiff describes her claims as all being brought under state statutory or case law and not based upon rights created by her CBA with her employer.  Plaintiff's characterization, however, is

not controlling. *See Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 104, 1049 (9th Cir. 1987) (state law claim for wrongful discharge preempted because CBA provided the same or better job security than state tort law). The critical question is whether resolution of the state law claim requires the court to construe a provision of the CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988). "[E]ven if dispute resolution pursuant to a collective bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 purposes." *Id.* at 409-10.

Defendant's Bay 101 cites *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978 (9th Cir. 2007) in support of its argument that plaintiff must exhaust her administrative remedies before filing suit on her wage claims. In *Soremekun*, the court of appeals affirmed the grant of summary judgment to the employer on the employee's claim that his employer had intentionally engaged in a practice of failing to compensate him in accordance with the governing CBA because the employee had not exhausted the administrative remedies provided under CBA. However, here, plaintiff claims she is not asserting claims under her CBA. Therefore, *Soremekun* does not bar plaintiff's claims, assuming plaintiff has properly characterized them as arising under state law which is not preempted.

### B. Preemption By LMRA § 301

Plaintiff's claims under the FEHA (fourth through seventh causes of action) are clearly not preempted as they can be resolved without interpreting the CBA. *See Lingle,* 486 U.S. at 408; *Detabali*, 482 F.3d at 1203-04. Similarly, plaintiff's claim for tortious discharge in violation of public policy (eighth cause of action) is not preempted. *See Mowry v. United Parcel Service*, 415 F.3d 1149 (2005). Defendant only specifically claims that the second claim for relief (overtime), the ninth claim for relief (unfair business practice) and the eleventh claim for relief (infliction of emotional distress) are preempted. The line between those claims that are preempted and those that can proceed under state law is not that clear, although cases such as *Lingle* and some recent Ninth Circuit cases offer guidance. *See Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007).

### 1. Overtime Claim

Defendant first attacks plaintiff's overtime claim, contending that the claim is preempted because it requires analysis of the CBA. In *Firestone v. Southern Ca. Gas Co.*, 281 F.3d 801 (9th Cir. 2002), the Ninth Circuit stated the preemption rule: a state law claim is preempted if it necessarily requires the court to interpret an existing provision of a collective bargaining agreement that can reasonably be said to be relevant to the resolution of the dispute; a claim that requires only reference to the collective bargaining agreement, but no interpretation, is not preempted. *Id*. at 802. *Firestone* involved a claim for overtime wages and the Ninth Circuit held the claim was preempted because resolution of the claim would necessarily require interpretation of the collective bargaining agreement to determine whether plaintiffs were being paid a "premium" above their "regular rate" of pay. Based on *Firestone*, Bay 101 contends that plaintiff's overtime claim is preempted and should be dismissed.

Plaintiff, however, argues that overtime wage claims are not preempted by Section 301. Plaintiff cites *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1074 (9th Cir. 2007), for the proposition that a claim for payment of overtime wages as required by federal and state law is not preempted by Section 301. Plaintiff distinguishes *Firestone* on the basis that the case involved a determination of the rate applicable to overtime compensation, an issue that could only be determined by interpreting the CBA provisions which set out a formula for determining the rate.

In reply, Bay 101 points to Section 27 of the CBA addressing meal and break periods, which defendant contends would have to be interpreted by the court in order to resolve plaintiff's claim. Specifically, Bay 101 argues:

> [P]laintiff's claim cannot be calculated by simply referencing the agreement at issue herein. Plaintiff is claiming overtime for time purportedly to make up for missed rest or meal breaks. Section 27 of the CBA governs meal and rest breaks. Subsection A provides that employees are allowed thirty (30) minute meal periods "within eight and one-half (8½) hours." FAC, Exh. 1, p. 13. Subsection D provides a ten (10) minute rest period for every "two and one-half (2½) consecutive hours" worked. FAC, Exh. 1, p. 14. Subsection C governs overtime pay in certain situations where "it is impossible for the employee to take time off for a meal period." FAC, Exh. 1, p. 14. This section does not reference overtime pay for missing rest breaks. Plaintiff's overtime claim, based on rest and meal periods purportedly missed, cannot be evaluated by the Court without interpretation of these provisions. The Court would have to determine at what point under the CBA it is "impossible" for an employee to

        take time off for a meal period. Moreover, the Court would have to interpret whether the CBA intended to allow for overtime for missed rest periods.

Reply at 3. Bay 101 also argues that the method of calculating overtime under the CBA differs from that provided by state and federal law (fifteen minutes versus five minute increments), which defendant contends would therefore require the court to interpret the CBA in order to determine the overtime claim.

    *Burnside* makes clear that for preemption the state law right must be "substantially dependent" on the terms of the CBA. 491 F.3d at 1060. Interpreting and not just looking at or referencing the CBA is required for preemption. Here, the court is persuaded that plaintiff's unpaid compensation claims can be resolved without interpreting the CBA. Section 13 of the CBA addresses overtime. Paragraph A requires overtime to be paid for all hours worked in excess of eight hours in a workday or forty hours in any work week and shall be paid at the rate provided by state and federal law. *See* CBA, Section 13(A). The CBA also provides that overtime is to be calculated based upon multiples of 15 minutes. *Id.*, Section 13(B). The CBA needs only to be referred to in order to determine what, if anything, is owed. Although plaintiff's overtime claim is based in part on entitlement to overtime compensation for missed rest and meal break periods, interpretation of the CBA is not necessary for a determination of whether plaintiff in fact was precluded from taking her breaks. Thus, the second cause of action is not preempted.

**2. LMRA Preemption of Infliction of Emotional Distress and Section 17200 Claims**

    Bay 101 contends that plaintiff's claims for infliction of emotional distress (eleventh cause of action) and for unfair business practices (ninth cause of action) are also preempted by Section 301, pointing to several cases in which claims for the infliction of emotional distress have been found to be preempted when arising in the context of an employment arrangement covered by a CBA. Motion at 11-13, citing *Hill v. Ralphs Grocery Co.*, 896 F. Supp. 1492, 1498 (C.D.Cal. 1995) (emotional distress claim arising out of employer's closure of plant preempted); *Lappin v. Laidlaw Transit Inc.*, 179 F. Supp. 2d 1111 (N.D. Cal. 2001) (emotional distress claim arising out of employer's failure to provide for employee safety); and *Kirton v. Summit Medical Center*, 982 F. Supp. 1381 (N.D. Cal. 1997) (emotional distress claims are preempted when the claim arises out of

plaintiff's discharge and the defendant's conduct leading up to the discharge). Defendant asserts that the unfair business practices claim is also preempted, by the same analysis, since it arises out of the same facts and circumstances.

In opposition, plaintiff argues that her claim for the infliction of emotional distress is not preempted:

> Her emotional distress claim is not based upon violations of the Defendants' CBA. Rather, Plaintiff alleges emotional distress arising from state tort claims that are not pre-empted (and are not being challenged on ground of pre-emption). Those tort claims are based upon non-negotiable rights provided by California statutes and include the causes of action for gender/sex discrimination in violation of FEHA, from race/national origin discrimination in violation of FEHA, hostile working environment, retaliation and wrongful termination in violation of public policy. Like the tort causes of action, Plaintiff's emotional distress claim does not require any interpretation or analysis of the CBA and, thus, is not pre-empted. Plaintiff concedes in her opposition that her emotional distress claim is not based upon any violation of the CBA, but rather arises from "state tort claims that are not pre-empted" including gender/sex discrimination in violation of FEHA, race/national origin discrimination in violation of FEHA, hostile work environment, retaliation and wrongful termination in violation of public policy.

Opp. at 9.

Plaintiff's emotional distress and unfair business practices claims are not preempted because they are not predicated upon violations of the CBA but rather on violations of state law. *See Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993). The case cited by defendant all involve interpretation of a CBA.

### C. Additional Bases for Dismissing the Claim for Infliction of Emotional Distress

#### 1. Emotional Distress Allegedly Resulting from the Failure to Pay Wages

Bay 101 also separately argues that the eleventh cause of action for the infliction of emotional distress should be dismissed because it is premised on the assertion that plaintiff suffered emotional distress from the alleged failure to pay plaintiff the wages she was owed. Defendant also challenges the emotional distress claim to the extent it arises from the conduct underlying plaintiff's FEHA claims, contending that the claim is duplicative of the remedies plaintiff may recover under those tort claims.

Plaintiff's opposition argues that she has not asserted a claim for emotional distress injuries relating to her wage and loss of rest and meal period claims. Instead, her claim is based upon

ORDER GRANTING IN PART DEFENDANT SUTTER'S PLACE'S MOTION TO DISMISS AND MOTION TO STRIKE—No. C-10-2181 RMW
TER                                    7

1  defendant's conduct giving rise to her claims for gender/sex discrimination, race and national origin
2  discrimination, hostile work environment, retaliation, and wrongful termination in violation of
3  public policy. Opp. at 11. However, plaintiff's emotional distress claim, as pleaded, seems to
4  encompass all of the alleged wrongdoing by Bay 101, including the wage claims as well as the
5  FEHA claims. Since plaintiff has clarified that her claim for the infliction of emotional distress is
6  not intended to be based upon the wrongdoing associated with the failure to pay wages for meal/rest
7  breaks, overtime or other compensation, the court does not need to discuss defendant's assertions
8  that plaintiff's emotional distress claims are barred by worker's compensation, the "new right
9  exclusive remedy" doctrine and by the fact that emotional distress damages cannot be recovered for
10 breach of contract. To confirm plaintiff's acknowledgment that her emotional distress claim is based
11 only on the facts that give rise to her FEHA and termination in violation of public policy, the court
12 dismisses plaintiff's eleventh claim for relief to the extent that the claim seeks to assert a claim for
13 the infliction of emotional distress arising from defendant's conduct in requiring plaintiff to miss
14 meal breaks and rest breaks, failure to pay overtime and failure to pay compensation due on
15 termination.

### 2. Emotional Distress Based on Other Tortious Conduct

17 Bay 101's final attack on plaintiff's claim for the infliction of emotional distress is that the
18 claim duplicates her other tort claims. Specifically, to the extent that plaintiff's claim is based upon
19 the workplace harassment and discrimination that forms the basis of her FEHA claims, it wholly
20 duplicates the recovery she seeks under those claims. Bay 101 argues that "Plaintiff not only seeks
21 emotional distress damages for her tort claims, but also asserts her emotional distress as an
22 independent cause of action. This is not permissible." Motion at 18.

23 Plaintiff contends that it is entirely proper for her to assert an independent cause of action for
24 the infliction of emotional distress, noting that "a stand alone infliction of emotional distress cause
25 of action is often based upon the same factual allegations supporting other tort causes of action."
26 Opp. at 12.

27 Bay 101's argument is persuasive, although the court does not find any of the cases cited by
28 the parties to be on point. Plaintiff's eleventh claim for the intentional and negligent infliction of

ORDER GRANTING IN PART DEFENDANT SUTTER'S PLACE'S MOTION TO DISMISS AND MOTION TO STRIKE—No. C-10-2181 RMW
TER                                                8

emotional distress is wholly predicated on the conduct forming the basis of plaintiff's other tort claims, as to which she may seek to recover emotional distress damages. Asserting the claim as a "stand alone" claim for such damages adds nothing of substance to the complaint. Accordingly, the eleventh claim for relief is dismissed, without prejudice, as duplicative, to the extent it is premised on the same conduct underlying plaintiff's FEHA claims.

### D. Motion to Strike Damages Allegations

Bay 101 moves to strike plaintiff's emotional distress and damages allegations to the extent that plaintiff seeks to recover such damages under her Section 17200 claim. In opposition, plaintiff states that she understands that some of her asserted remedies are recoverable under some of the asserted claims and not others, and clarifies that she "seeks only the remedies as provided by law." Opp. at 13. Bay 101 is correct that damages may not be recovered under Section 17200, but, nevertheless, the motion to strike is denied. This issue is controlled by *Whittlestone, Inc. v. Handi-Craft Cop.*, 618 F.3d 970, 974-5 (9th Cir. 2010), in which the Ninth Circuit directly held that Rule 12(f) does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law. Other vehicles are available to challenge the adequacy of a claim seeking relief that is unavailable, such as a motion to dismiss or motion for summary judgment.

### CONCLUSION

For the foregoing reasons, defendant Bay 101's motion to dismiss is granted as to plaintiff's stand alone claim for infliction of emotional distress. The motion is otherwise denied. Defendant's motion to strike is denied.

DATED:     11/24/2010

RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART DEFENDANT SUTTER'S PLACE'S MOTION TO DISMISS AND MOTION TO STRIKE—No. C-10-2181 RMW
TER                                            9