JAMES McMANIS (40958)
SHARON KIRSCH (157157)
MATTHEW SCHECHTER (212003)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   408-279-8700
Facsimile:    408-279-3244
Email:           skirsch@mcmanislaw.com
                    mschechter@mcmanislaw.com

Attorneys for Defendant,
SUTTER'S PLACE, INC. dba BAY 101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>             Plaintiff,<br><br>vs.<br><br>SUTTER'S PLACE, INC. dba BAY 101 or BAY 101 CASINO, UNITE HERE! LOCAL 19, and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No. 10-CV-02181 (RMW)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: May 20, 2010 |

1.     **PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as

1

1  set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file
2  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be
3  followed and the standards that will be applied when a party seeks permission from the court to
4  file material under seal.

5  **2.      DEFINITIONS.**

6        2.1      <u>Challenging Party</u> – A Party or Non-Party that challenges the designation of
7  information or items under this Order.

8        2.2      <u>Information or Items That Are "CONFIDENTIAL" or "CONFIDENTIAL –
9  ATTORNEY'S EYES ONLY"</u> – Information (regardless of how it is generated, stored or
10 maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure
11 26(c).

12        2.3      <u>Counsel (without qualifier)</u> – Outside Counsel of Record and House Counsel (as
13 well as their support staff).

14        2.4      <u>Designating Party</u> – A Party or Non-Party that designates information or items
15 that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or
16 "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

17        2.5      <u>Disclosure or Discovery Material</u> – All items or information, regardless of the
18 medium or manner in which it is generated, stored, or maintained (including, among other things,
19 testimony, transcripts, and tangible things), that are produced or generated in disclosures or
20 responses to discovery in this matter.

21        2.6      <u>Expert</u> – A person with specialized knowledge or experience in a matter pertinent
22 to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as
23 a consultant in this action.

24        2.7      <u>House Counsel</u> – Attorneys who are employees of a party to this action. House
25 Counsel does not include Outside Counsel of Record or any other outside counsel.

26        2.8      <u>Non-Party</u> – Any natural person, partnership, corporation, association, or other
27 legal entity not named as a Party to this action.

28

1     2.9     <u>Outside Counsel of Record</u> – Attorneys who are not employees of a party to this
2 action but are retained to represent or advise a party to this action and have appeared in this
3 action on behalf of that party or are affiliated with a law firm which has appeared on behalf of
4 that party.
5     2.10    <u>Party</u> – Any party to this action, including all of its officers, directors, employees,
6 consultants, retained experts, and Outside Counsel of Record (and their support staffs).
7     2.11    <u>Producing Party</u> – A Party or Non-Party that produces Disclosure or Discovery
8 Material in this action.
9     2.12    <u>Professional Vendors</u> – Persons or entities that provide litigation support services
10 (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
11 organizing, storing, or retrieving data in any form or medium) and their employees and
12 subcontractors.
13    2.13    <u>Protected Material</u> – Any Disclosure or Discovery Material that is designated as
14 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."
15    2.14    <u>Receiving Party</u> – A Party that receives Disclosure or Discovery Material from a
16 Producing Party.
17 **3.    SCOPE.**
18     The protections conferred by this Stipulation and Order cover not only Protected Material
19 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
20 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
21 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
22 However, the protections conferred by this Stipulation and Order do not cover the following
23 information: (a) any information that is in the public domain at the time of disclosure to a
24 Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as
25 a result of publication not involving a violation of this Order, including becoming part of the
26 public record through trial or otherwise; and (b) any information known to the Receiving Party
27 prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
28

1  obtained the information lawfully and under no obligation of confidentiality to the Designating

2  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3  **4.      DURATION.**

4       Even after final disposition of this litigation, the confidentiality obligations imposed by

5  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

7  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

8  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

9  action, including the time limits for filing any motions or applications for extension of time

10 pursuant to applicable law.

11 **5.      DESIGNATING PROTECTED MATERIAL.**

12      5.1     Exercise of Restraint and Care in Designating Material for Protection.

13      Each Party or Non-Party that designates information or items for protection under this

14 Order must take care to limit any such designation to specific material that qualifies under the

15 appropriate standards. The Designating Party must designate for protection only those parts of

16 material, documents, items, or oral or written communications that qualify – so that other

17 portions of the material, documents, items, or communications for which protection is not

18 warranted are not swept unjustifiably within the ambit of this Order.

19      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

20 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

21 unnecessarily encumber or retard the case development process or to impose unnecessary

22 expenses and burdens on other parties) expose the Designating Party to sanctions.

23      If it comes to a Designating Party's attention that information or items that it designated

24 for protection do not qualify for protection, that Designating Party must promptly notify all other

25 Parties that it is withdrawing the mistaken designation.

26      5.2     Manner and Timing of Designations.

27      Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a)

28 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

1  protection under this Order must be clearly so designated before the material is disclosed or
2  produced.
3    Designation in conformity with this Order requires:
4    (a) For information in documentary form (e.g., paper or electronic documents,
5  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
6  Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES
7  ONLY" to each page that contains protected material. If only a portion or portions of the
8  material on a page qualifies for protection, the Producing Party also must clearly identify the
9  protected portion(s) (e.g., by making appropriate markings in the margins).
10   A Party or Non-Party that makes original documents or materials available for inspection
11 need not designate them for protection until after the inspecting Party has indicated which
12 material it would like copied and produced. During the inspection and before the designation, all
13 of the material made available for inspection shall be deemed "CONFIDENTIAL" or
14 "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  After the inspecting Party has identified
15 the documents it wants copied and produced, the Producing Party must determine which
16 documents, or portions thereof, qualify for protection under this Order. Then, before producing
17 the specified documents, the Producing Party must affix the "CONFIDENTIAL" or
18 "CONFIDENTIAL – ATTORNEY'S EYES ONLY" legend to each page that contains Protected
19 Material. If only a portion or portions of the material on a page qualifies for protection, the
20 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
21 markings in the margins).
22   (b) For responses to written discovery, the Designating Party shall indicate in
23 the response that the information is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S
24 EYES ONLY."
25   In addition, a party or non-party may designate in writing, within twenty (20) days after
26 receipt of said responses for which the designation is proposed, that specific responses be treated
27 as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  Any other party
28 may object to such proposal, in writing or on the record.  Upon such objection, the parties shall

1  follow the procedures described in paragraph 6 below.  After any designation made according to
2  the procedure set forth in this paragraph, the designated information shall be treated according to
3  the designation until the matter is resolved according to the procedures described in paragraph 6
4  below, and counsel for all parties shall be responsible for marking all previously unmarked
5  copies of the designated material in their possession or control with the specified designation.

6        (c)     For testimony given in deposition or in other pretrial or trial proceedings,
7  that the Designating Party identify on the record, before the close of the deposition, hearing, or
8  other proceeding, all testimony to be treated as "CONFIDENTIAL" or "CONFIDENTIAL –
9  ATTORNEY'S EYES ONLY," and requesting the preparation of a separate transcript of such
10 material.

11    In addition, a party or non-party may designate in writing, within twenty (20) days after
12 receipt of the deposition transcript for which the designation is proposed, that specific pages of
13 the transcript be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES
14 ONLY."  Any other party may object to such proposal, in writing or on the record.  Upon such
15 objection, the parties shall follow the procedures described in paragraph 6 below.  After any
16 designation made according to the procedure set forth in this paragraph, the designated
17 documents or information shall be treated according to the designation until the matter is
18 resolved according to the procedures described in paragraph 6 below, and counsel for all parties
19 shall be responsible for marking all previously unmarked copies of the designated material in
20 their possession or control with the specified designation

21        (d)     For information produced in some form other than documentary and for
22 any other tangible items, that the Producing Party affix in a prominent place on the exterior of
23 the container or containers in which the information or item is stored the legend
24 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  If only a portion
25 or portions of the information or item warrant protection, the Producing Party, to the extent
26 practicable, shall identify the protected portion(s).
27 ///
28 ///

6

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO.: 10-CV-02181 (RMW)

5.3 **Inadvertent Failures to Designate**.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1 **Timing of Challenges**.

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer**.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party withdraws the confidentiality designation, or has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

8

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO.: 10-CV-02181 (RMW)

1  categories of persons and under the conditions described in this Order. When the litigation has
2  been terminated, a Receiving Party must comply with the provisions of section 13 below.
3        Protected Material must be stored and maintained by a Receiving Party at a location and
4  in a secure manner that ensures that access is limited to the persons authorized under this Order.
5        Any court reporter who transcribes the testimony in this action at a deposition shall agree,
6  before transcribing any such testimony, that all information designated "CONFIDENTIAL" or
7  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is and shall remain confidential and shall
8  not be disclosed except to the attorneys of record and any other person who is present while such
9  testimony is being given; that copies of any transcript, reporter's notes or any other transcription
10 records of any such testimony shall be retained in absolute confidentiality and safekeeping by
11 such shorthand reporter or shall be delivered to the attorney of record or filed with the Court.
12       A file shall be maintained by the attorneys of record of all written agreements signed by
13 persons to whom materials designated "CONFIDENTIAL" or "CONFIDENTIAL –
14 ATTORNEY'S EYES ONLY" has been given.  Said file shall be made available upon request
15 for inspection and copying by any attorney of record.
16       7.2    Disclosure of "CONFIDENTIAL" Information or Items.
17       Unless otherwise ordered by the court or permitted in writing by the Designating Party, a
18 Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:
19       (a)    The Receiving Party's Outside Counsel of Record in this action, as well as
20 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
21 information for this litigation;
22       (b)    The officers, directors, and employees (including House Counsel) of the
23 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
24 signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A to this Order,
25 before being shown or given any Confidential Information;
26       (c)    Experts (as defined in this Order) of the Receiving Party to whom
27 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
28

1  and Agreement to Be Bound," attached as Exhibit A to this Order, before being shown or given
2  any Confidential Information;
3          (d)     The court and its personnel;
4          (e)     Court reporters and their staff;
5          (f)     Professional jury or trial consultants, mock jurors, and Professional
6  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the
7  "Acknowledgment and Agreement to Be Bound, " attached as Exhibit A to this Order, before
8  being shown or given any Confidential Information;
9          (g)     During their depositions, witnesses in the action ((other than persons
10 described in paragraph 7.2(h)) to whom disclosure is reasonably necessary and who have signed
11 the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to this Order, unless
12 otherwise agreed by the Designating Party or ordered by the court.  Information designated
13 "CONFIDENTIAL" may be disclosed to a witness who will not sign the "Acknowledgment and
14 Agreement to Be Bound" only in a deposition in which the party who designated the information
15 "CONFIDENTIAL" is represented or has been given notice that information designated
16 "CONFIDENTIAL" produced by the party may be used.  Witnesses shown information
17 designated "CONFIDENTIAL" shall not be allowed to retain copies.  Pages of transcribed
18 deposition testimony or exhibits to depositions that reveal Protected Material must be separately
19 bound by the court reporter and may not be disclosed to anyone except as permitted under this
20 Stipulated Protective Order; and/or
21         (h)     The author or recipient of a document containing the information or a
22 custodian or other person who otherwise possessed or knew the information.
23     Any persons receiving information designated "CONFIDENTIAL" shall not reveal or
24 discuss such information to or with any person who is not entitled to receive such information,
25 except as set forth herein.
26 ///
27 ///
28 ///

7.3  Disclosure of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

(a)  The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound, " attached as Exhibit A to this Order, before being shown or given any Confidential Information;

(c)  The court and its personnel;

(d)  Court reporters and their staff; and/or

(e)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Any persons receiving information designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," that Party must:

(a)  Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to

1 this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

2 and

3     (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the

4 Designating Party whose Protected Material may be affected.

5     If the Designating Party timely seeks a protective order, the Party served with the

6 subpoena or court order shall not produce any information designated in this action as

7 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" before a

8 determination by the court from which the subpoena or order issued, unless the Party has

9 obtained the Designating Party's permission. The Designating Party shall bear the burden and

10 expense of seeking protection in that court of its confidential material – and nothing in these

11 provisions should be construed as authorizing or encouraging a Receiving Party in this action to

12 disobey a lawful directive from another court.

13 **9.**    <u>**A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

14     **THIS LITIGATION**</u>**.**

15     (a)    The terms of this Order are applicable to information produced by a Non-Party in

16 this action and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES

17 ONLY."  Such information produced by Non-Parties in connection with this litigation is

18 protected by the remedies and relief provided by this Order. Nothing in these provisions should

19 be construed as prohibiting a Non-Party from seeking additional protections.

20     (b)    In the event that a Party is required, by a valid discovery request, to produce a

21 Non-Party's confidential information in its possession, and the Party is subject to an agreement

22 with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

23     1.    Promptly notify in writing the Requesting Party and the Non-Party that

24 some or all of the information requested is subject to a confidentiality agreement with a Non-

25 Party;

26     2.    Promptly provide the Non-Party with a copy of the Stipulated Protective

27 Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

28 the information requested; and

         3.      Make the information requested available for inspection by the Non-Party.

    (c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.**    <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO.: 10-CV-02181 (RMW)

1  communication or information covered by the attorney-client privilege or work product

2  protection, the parties may incorporate their agreement in the stipulated protective order

3  submitted to the court.

4  **12. <u>MISCELLANEOUS</u>.**

5      12.1   <u>Right to Further Relief</u>.

6      Nothing in this Order abridges the right of any person to seek its modification by the

7  court in the future.

8      12.2   <u>Right to Assert Other Objections</u>.

9      By stipulating to the entry of this Protective Order no Party waives any right it otherwise

10 would have to object to disclosing or producing any information or item on any ground not

11 addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

12 any ground to use in evidence of any of the material covered by this Protective Order.

13     12.3   <u>Filing Protected Material</u>.

14     Without written permission from the Designating Party or a court order secured after

15 appropriate notice to all interested persons, a Party may not file in the public record in this action

16 any Protected Material. A Party that seeks to file under seal any Protected Material must comply

17 with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court

18 order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local

19 Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material

20 at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the

21 law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

22 Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the

23 public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

24 **13. <u>FINAL DISPOSITION</u>.**

25     Within 60 days after the final disposition of this action, as defined in paragraph 4, each

26 Receiving Party must return all Protected Material to the Producing Party or destroy such

27 material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

28 compilations, summaries, and any other format reproducing or capturing any of the Protected

1  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
2  submit a written certification to the Producing Party (and, if not the same person or entity, to the
3  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all
4  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has
5  not retained any copies, abstracts, compilations, summaries or any other format reproducing or
6  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to
7  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
8  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work
9  product, and consultant and expert work product, even if such materials contain Protected
10 Material. Any such archival copies that contain or constitute Protected Material remain subject to
11 this Protective Order as set forth in Section 4.

12       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14 Dated: April 4, 2011                             ROBINSON & WOOD, INC.

15                                                      Ann A. Nguyen
                                                  ANN A. NGUYEN
16                                                Attorneys for Plaintiff,
17                                                CUC DANG

19 Dated: April 4, 2011                             McMANIS FAULKNER

20                                                      /s/ Matthew Schechter
                                                  MATTHEW SCHECHTER
21                                                Attorneys for Defendant,
                                                  SUTTER'S PLACE, INC. dba BAY 101
22

23                                    **ORDER**

24       PURSUANT TO STIPULATION, IT IS SO ORDERED.

26 Dated: ____April 5_____, 2011          _____[signature]_____
                                                  ]XXXXXXXXXXXXXXXXX
27                                                United States District Court
28                                                Northern District of California

15
STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO.: 10-CV-02181 (RMW)

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date]_____ in the case of *Dang v. Sutter's Place, Inc. dba Bay 101, et al.*, Case No. 10-CV-02181 (RMV).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I will maintain all such information designated "Confidential" or "Confidential – Attorney's Eyes Only" – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the information designated "Confidential" or "Confidential – Attorney's Eyes Only" – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the information designated "Confidential" or "Confidential –Attorney's Eyes Only".

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on _____, in _____.

Signature: _____

Name [Printed]: _____

Address: _____

Phone: _____

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO.: 10-CV-02181 (RMW)