1  JAMES McMANIS (40958)
   SHARON KIRSCH (157157)
2  MATTHEW SCHECHTER (212003)
   McMANIS FAULKNER
3  A Professional Corporation
   50 West San Fernando Street, 10th Floor
4  San Jose, California 95113
   Telephone:    408-279-8700
5  Facsimile:    408-279-3244
   Email:        skirsch@mcmanislaw.com
6                mschechter@mcmanislaw.com

7  Attorneys for Defendant,
   SUTTER'S PLACE, INC. dba BAY 101
8

                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
10

11  CUC DANG,                          | Case No. 10-CV-02181 (RMW) (PSG)

12        Plaintiff,                    | **STIPULATION AND [~~PROPOSED~~]**
                                        | **ORDER FOR INDEPENDENT MENTAL**
13  vs.                                 | **EXAMINATION OF PLAINTIFF**

14                                      | **[Fed. R. Civ. P. 35]**

15  SUTTER'S PLACE, INC. dba BAY 101 or
    BAY 101 CASINO, et. al.,
16                                      | Complaint Filed: May 20, 2010
          Defendants.
17

18

19

20        Plaintiff, Cuc Dang ("Dang"), and defendant, Sutter's Place, Inc. dba Bay 101 ("Bay

21  101") (collectively "the parties"), by and through their respective attorneys of record, hereby

22  stipulate to the following with respect to the time, place, manner, conditions, examiner and scope

23  of examination for an independent mental examination of Dang:

24        1.     Dang has placed her mental condition in controversy.  In her First Amended

25  Complaint ("FAC"), Dang alleges that as a result "of the harassment and unfair treatment she

26  suffered [at Bay 101], plaintiff became severely distressed and depressed[,] … was forced to

27  seek medical treatment for the severe stress and depression, and was placed on medical disability

28  for several weeks."  (FAC, ¶ 26).  Dang further alleges that "[a]s a direct, foreseeable, and

                                            1

1    proximate result of Bay 101's discriminatory acts, [she] has suffered, and continues to suffer, …

2    humiliation, embarrassment, severe mental and emotional distress, and discomfort[.]"  (FAC, ¶¶

3    56, 63, 71, 77, 83, and 90).

4         2.      To date, Dang continues to receive treatment for the stress and depression she is

5    claiming in this litigation.

6         3.      Good cause exists for an independent mental exam ("IME").  Dang's FAC and

7    deposition testimony both allege that Dang has suffered, and continues to suffer, from emotional

8    distress as a result of the conduct at Bay 101 as alleged in her FAC.

9         4.      The IME will be conducted by Dr. Mark Lipian, M.D., Ph.D., on Tuesday,

10   January 24, 2012, at his office in San Francisco located at 50 California Street, Suite 1500, San

11   Francisco, California 94111, (415) 477-9330.  The IME will begin at 9:00 a.m. and will end no

12   later than 5:00 p.m., including meal and rest breaks.  However, if Dang is not present at the IME

13   by 9:00 a.m., then the IME will end eight (8) hours from its starting time, including meal and rest

14   breaks.  Dr. Lipian will audio record the IME.  Also present at the IME will be a certified

15   Vietnamese interpreter for Dang.  No one else shall be allowed in the examination.

16        5.      Bay 101 will attempt to retain the services of Christine Lebrun to serve as the

17   Vietnamese interpreter, if her schedule permits.  If Bay 101 must retain a different interpreter,

18   Bay 101 shall notify Dang's counsel of the new interpreter's identity as soon as it is known.

19        6.      Dr. Lipian practices psychiatry and forensic psychiatry in Los Angeles, San

20   Francisco and Newport Beach, California.  He serves as the Chief of Psychiatry, Forensic

21   Outpatient Services, for the Orange County Health Care Agency, and is the Medical Director of

22   the Conditional Release Program of Orange County.  He has served as an Assistant Clinical

23   Professor in the Department of Psychiatry and Biobehavioral Sciences at UCLA since 1991

24   where he teaches clinical and forensic psychiatry to residents and postgraduate fellows in

25   Forensic Psychiatry.  Dr. Lipian is licensed to practice medicine in the State of California, and is

26   Board Certified in both Psychiatry and Forensic Psychiatry by the American Board of Psychiatry

27   and Neurology.

28   ///

STIPULATION AND [PROPOSED] ORDER FOR INDEPENDENT MENTAL EXAM OF PLAINTIFF;
CASE NO. 10-CV-02181 (RMW) (PSG)

7.     The scope of Dr. Lipian's examination shall be limited as set forth in Paragraphs 7, 8 and 9 below.  Dr. Lipian will conduct a forensic psychiatric evaluation of Dang so as to evaluate the nature and extent of Dang's mental and emotional distress if any, and the cause(s) thereof, together with whether Dang's past experiences or psychological conditions provide an explanation for Dang's perception of disputed fact allegations or an explanation for the mental and emotional distress she claims to have suffered.  Dr. Lipian will conduct a standard forensic psychiatric examination which consists of a one-day interview with Dang where he will ask Dang general open-ended questions about her medical and mental history and the possible sources of any alleged emotional trauma.

8.     Dr. Lipian's exam will include a review of Dang's medical and mental health history.  Dr. Lipian must determine, for example, whether Dang suffered from prior traumas (in the form of injuries, diseases, or life events) that may bear on her current mental state.  He must determine whether Dang is taking, or has taken, any medications that might have produced relevant side effects.  He must determine how Dang has coped with any significant stressors in the past and whether and to what extent her current condition differs from past stressors; and he must determine whether Dang suffers from a psychotic and/or personality disorder, its extent and prognosis, that may bear upon Dang's mental state and capacity at the time of events at issue and its possible impact upon those events, as well as upon her present mental state and capacity.  Dr. Lipian must also determine the interrelationship, if any, between psychiatric condition and physical complaints; and which, if either, preceded, caused, underlay, or resulted from the other in this case.  From a psychiatric standpoint, all of these areas of inquiry relate to Dang's mental condition.

9.     Dr. Lipian does not intend to administer any "paper and pencil" tests to Dang, but reserves the right to do so if indicated by initial results of the examination.  He will not administer any physically painful tests to Dang or perform any invasive procedures. He plans to conduct an interview consisting of open-ended questions about the subjects listed above.  If Dang inadvertently reveals any protected attorney-client communications during the course of the examination, such disclosures will not be deemed as a waiver of the attorney-client privilege.

3

1    10.    Dang hereby designates the audio recording of the IME and Dr. Lipian's Rule

2    35(b) report as "Confidential" pursuant to the Stipulated Protective Order.  Bay 101 does not

3    waive its right to challenge the "Confidential" designation as permitted by Section 6 of the

4    Stipulated Protective Order.

5    11.    A copy of the audio recording shall be provided to Dang's counsel within fifteen

6    (15) days of the examination.  A copy of Dr. Lipian's Rule 35(b) report shall be provided to

7    Dang's counsel within five (5) days of its receipt by Bay 101's counsel.

8    12.    Dr. Lipian has been provided with the Protective Order for this litigation and has

9    signed the Acknowledgment and Agreement To Be Bound by said Protective Order.

10

11    IT IS SO STIPULATED.

12

13    [In accordance with General Order 45.X.B., Matthew Schechter, counsel for defendant, attests

14    that plaintiff's counsel, Ann Nguyen, has concurred in this filing.]

15

16

17    Dated: December 9, 2011                    McMANIS FAULKNER

18

19                                                   /s/  Matthew Schechter
                                                MATTHEW SCHECHTER

20
                                                Attorneys for Defendant
21                                              SUTTER'S PLACE, INC. dba BAY 101

22

23    Dated: December 9, 2011                    ROBINSON & WOOD, INC.

24

25                                                  /s/  Ann A. Nguyen
                                                ANN A. NGUYEN

26
                                                Attorneys for Plaintiff,
27                                              CUC DANG

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Good cause appearing therefor, an independent mental exam of Cuc Dang may be conducted by Dr. Mark Lipian, with the assistance of a certified Vietnamese interpreter, on Tuesday, January 24, 2012, from 9:00 a.m. to 5:00 p.m. at 50 California Street, Suite 1500, San Francisco, California 94111, according to the manner, conditions and scope of examination as set forth in the above stipulation.

Dated:  12/12/2011

_____
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION AND [PROPOSED] ORDER FOR INDEPENDENT MENTAL EXAM OF PLAINTIFF;
CASE NO. 10-CV-02181 (RMW) (PSG)