1  ANN A. NGUYEN (SBN 178712)
   ROBINSON & WOOD, INC.
2  227 N. First Street
   San Jose, California 95113
3  Telephone:   408-298-7120
   Facsimile:   408-298-0477
4  Email:       aan@robinsonwood.com

5  Attorneys for Plaintiff DANG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>   Plaintiff,<br><br>vs.<br><br>SUTTER'S PLACE, INC. dba BAY 101 or BAY 101 CASINO, et. al.,<br><br>   Defendants. | Case No. 10-CV-02181 (RMW) (PSG)<br><br>**AMENDED STIPULATION AND [PROPOSED] ORDER FOR INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF**<br><br>**[Fed. R. Civ. P. 35]**<br><br>Complaint Filed: May 20, 2010 |

On December 12, 2011, the Court issued an Order based upon a December 9, 2011 Stipulation submitted by Plaintiff and Defendant for an independent mental examination of Plaintiff to take place on January 24, 2012. Plaintiff has just received notice that her appearance at a Naturalization Oath Ceremony is required on January 24, 2012 to complete her naturalization process to become a US citizen. To permit Plaintiff to attend the Naturalization Oath Ceremony, the parties have agreed to continue Plaintiff's IME for three (3) days. In order to avoid prejudice to Defendant for this brief continuance, the parties have also agreed to continue the trial deadlines pertaining to expert discovery.

Accordingly, Plaintiff, Cuc Dang ("Dang"), and defendant, Sutter's Place, Inc. dba Bay 101 ("Bay 101") (collectively "the parties"), by and through their respective attorneys of record,

717412   1
AMENDED STIP AND [PROPOSED] ORDER FOR INDEPENDENT MENTAL EXAM OF PLAINTIFF;
CASE NO. 10-CV-02181 (RMW) (PSG)

hereby submit this amended stipulation with respect to the time, place, manner, conditions, examiner and scope of examination for an independent mental examination of Dang. A separate stipulation and proposed order will be submitted with respect to the continuance of trial deadlines pertaining to expert discovery.

1. Dang has placed her mental condition in controversy. In her First Amended Complaint ("FAC"), Dang alleges that as a result "of the harassment and unfair treatment she suffered [at Bay 101], plaintiff became severely distressed and depressed[,] … was forced to seek medical treatment for the severe stress and depression, and was placed on medical disability for several weeks." (FAC, ¶ 26). Dang further alleges that "[a]s a direct, foreseeable, and proximate result of Bay 101's discriminatory acts, [she] has suffered, and continues to suffer, … humiliation, embarrassment, severe mental and emotional distress, and discomfort[.]" (FAC, ¶¶ 56, 63, 71, 77, 83, and 90).

2. To date, Dang continues to receive treatment for the stress and depression she is claiming in this litigation.

3. Good cause exists for an independent mental exam ("IME"). Dang's FAC and deposition testimony both allege that Dang has suffered, and continues to suffer, from emotional distress as a result of the conduct at Bay 101 as alleged in her FAC.

4. The IME will be conducted by Dr. Mark Lipian, M.D., Ph.D., on **Friday, January 27, 2012**, at his office in San Francisco located at 50 California Street, Suite 1500, San Francisco, California 94111, (415) 477-9330. The IME will begin at 9:00 a.m. and will end no later than 5:00 p.m., including meal and rest breaks. However, if Dang is not present at the IME by 9:00 a.m., then the IME will end eight (8) hours from its starting time, including meal and rest breaks. Dr. Lipian will audio record the IME.

5. Also present at the IME will be a certified Vietnamese interpreter for Dang. No one else shall be allowed in the examination.

6. Dr. Lipian practices psychiatry and forensic psychiatry in Los Angeles, San Francisco and Newport Beach, California. He serves as the Chief of Psychiatry, Forensic Outpatient Services, for the Orange County Health Care Agency, and is the Medical Director of

1  the Conditional Release Program of Orange County.  He has served as an Assistant Clinical
2  Professor in the Department of Psychiatry and Biobehavioral Sciences at UCLA since 1991
3  where he teaches clinical and forensic psychiatry to residents and postgraduate fellows in
4  Forensic Psychiatry.  Dr. Lipian is licensed to practice medicine in the State of California, and is
5  Board Certified in both Psychiatry and Forensic Psychiatry by the American Board of Psychiatry
6  and Neurology.

7       7.     The scope of Dr. Lipian's examination shall be limited as set forth in Paragraphs
8  7, 8 and 9 below.  Dr. Lipian will conduct a forensic psychiatric evaluation of Dang so as to
9  evaluate the nature and extent of Dang's mental and emotional distress if any, and the cause(s)
10 thereof, together with whether Dang's past experiences or psychological conditions provide an
11 explanation for Dang's perception of disputed fact allegations or an explanation for the mental
12 and emotional distress she claims to have suffered.  Dr. Lipian will conduct a standard forensic
13 psychiatric examination which consists of a one-day interview with Dang where he will ask
14 Dang general open-ended questions about her medical and mental history and the possible
15 sources of any alleged emotional trauma.

16      8.     Dr. Lipian's exam will include a review of Dang's medical and mental health
17 history.  Dr. Lipian must determine, for example, whether Dang suffered from prior traumas (in
18 the form of injuries, diseases, or life events) that may bear on her current mental state.  He must
19 determine whether Dang is taking, or has taken, any medications that might have produced
20 relevant side effects.  He must determine how Dang has coped with any significant stressors in
21 the past and whether and to what extent her current condition differs from past stressors; and he
22 must determine whether Dang suffers from a psychotic and/or personality disorder, its extent and
23 prognosis, that may bear upon Dang's mental state and capacity at the time of events at issue and
24 its possible impact upon those events, as well as upon her present mental state and capacity.  Dr.
25 Lipian must also determine the interrelationship, if any, between psychiatric condition and
26 physical complaints; and which, if either, preceded, caused, underlay, or resulted from the other
27 in this case.  From a psychiatric standpoint, all of these areas of inquiry relate to Dang's mental
28 condition.

9. Dr. Lipian does not intend to administer any "paper and pencil" tests to Dang, but reserves the right to do so if indicated by initial results of the examination.  He will not administer any physically painful tests to Dang or perform any invasive procedures. He plans to conduct an interview consisting of open-ended questions about the subjects listed above.  If Dang inadvertently reveals any protected attorney-client communications during the course of the examination, such disclosures will not be deemed as a waiver of the attorney-client privilege.

10. Dang hereby designates the audio recording of the IME and Dr. Lipian's Rule 35(b) report as "Confidential" pursuant to the Stipulated Protective Order.  Bay 101 does not waive its right to challenge the "Confidential" designation as permitted by Section 6 of the Stipulated Protective Order.

11. A copy of the audio recording shall be provided to Dang's counsel within fifteen (15) days of the examination.  A copy of Dr. Lipian's Rule 35(b) report shall be provided to Dang's counsel within five (5) days of its receipt by Bay 101's counsel.

12. Dr. Lipian has been provided with the Protective Order for this litigation and has signed the Acknowledgment and Agreement To Be Bound by said Protective Order.

IT IS SO STIPULATED.

[In accordance with General Order 45.X.B., Ann Nguyen, counsel for Plaintiff, attests that Defendant's counsel, Matthew Schechter, has concurred in this filing.]

Dated: January 11, 2012                                   McMANIS FAULKNER

                                          /s/
                                MATTHEW SCHECHTER
                                Attorneys for Defendant
                                SUTTER'S PLACE, INC. dba BAY 101

Dated: January 11, 2012                    ROBINSON & WOOD, INC.

                                                  /s/
                                            ANN A. NGUYEN
                                            Attorneys for Plaintiff,
                                            CUC DANG

## **ORDER**

Good cause appearing therefor, an independent mental exam of Cuc Dang may be conducted by Dr. Mark Lipian, with the assistance of a certified Vietnamese interpreter, on Friday, January 27, 2012, from 9:00 a.m. to 5:00 p.m. at 50 California Street, Suite 1500, San Francisco, California 94111, according to the manner, conditions and scope of examination as set forth in the above stipulation.

Dated:   1/20/2012                   _Paul S. Grewal_
                                                    UNITED STATES DISTRICT COURT
                                                    NORTHERN DISTRICT OF CALIFORNIA