UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>        Plaintiff,<br>v.<br><br>SUTTER'S PLACE, INC. DOING BUSINESS AS BAY 101or BAY 101 CASINO, ET AL.,<br><br>        Defendants. | Case No.: C 10- 02181 RMW (PSG)<br><br>**ORDER DENYING THIRD-PARTY UNITE HERE! LOCAL 19'S MOTION FOR ATTORNEY'S FEES**<br><br>**(Re: Docket No. 71)** |

Defendant Sutter's Place, Inc. doing business as Bay 101 Casino ("Bay 101") previously served subpoenas on third-party United Here! Local 19 ("Local 19"), its counsel, William A. Sokol ("Sokol") and his law firm, Weinberg, Roger & Rosenfeld ("WRR"). On January 9, 2012, Local 19 moved to quash or to modify the subpoenas and for a protective order (the "motion to quash") and filed a motion for attorney's fees.[1] On January 13, 2012, Local 19 withdrew the motion to quash because Bay 101 had withdrawn the disputed subpoenas.[2] Local 19, however, did not withdraw the motion for attorney's fees. Bay 101 opposes the motion for attorney's fees. Pursuant to Civ. L.R. 7-1(b), the motion was taken under submission without oral argument. Having reviewed the papers and considered the arguments of counsel, Local 19's motion for attorney's fees is DENIED.

---
[1] *See* Docket No. 65.

[2] *See* Docket No. 80.

1
Case No.: C 10-02181 RMW (PSG)
ORDER DENYING THIRD-PARTY'S MOTION FOR ATTORNEY'S FEES

# I. BACKGROUND

Bay 101 is a casino that offers cardroom and dining services. Bay 101 employed Plaintiff Cuc Dang ("Dang") as a food server from June 2006 to December 2009. Dang was a member of Local 19 and she regularly paid her union dues. On December 21, 2009, Bay 101 terminated her employment. Local 19 filed a grievance on Dang's behalf, protesting that her termination was without just cause.

Local 19 and Bay 101 are parties to a collective bargaining agreement that provides for a grievance and arbitration procedure leading to final and binding arbitration. The parties submitted their dispute to an arbitrator and during the arbitration hearing, they stipulated that: (1) all the procedural requirements of the grievance procedure had been complied with or waived; (2) the matter was properly before the arbitrator; and that (3) in the event the arbitrator found in favor of Local 19, the arbitrator would retain jurisdiction to resolve any disputes about implementation of the remedy ordered. Following the arbitration hearing, the arbitrator ruled that: (1) Bay 101 did not have just cause to terminate Dang; (2) Dang should be reinstated and made whole; and (3) the arbitrator would retain jurisdiction to resolve any disputes regarding implementation of the remedy.

Local 19 and Bay 101 later disputed whether Bay 101 had complied with the arbitrator's ruling and Local 19 sought to re-submit the issue to the arbitrator. Bay 101 refused. Local 19 then filed an action in state court to compel arbitration. Bay 101 removed the action to federal court.[3] On August 26, 2011, Judge Whyte granted summary judgment in favor of Local 19 and determined that further discovery was not warranted because the issue of whether Bay 101 had complied with "implementation of the remedy" was one for the arbitrator.[4] In addition, the court awarded Local 19 attorney's fees. Bay 101 has since appealed the ruling to the Ninth Circuit. As a result of that appeal, a second day of arbitration previously scheduled for February by the parties with the same arbitrator was vacated.

---

[3] *See Unite Here! Local 19 v. Sutter's Place, Inc. dba Bay 101,* No. 5:11-cv-02608 RMW (N.D. Cal.).

[4] *See id.*

Concurrent with the arbitration proceedings, Dang filed this action and alleged her own claims against Bay 101, including failure to provide rest breaks and meal periods, failure to pay overtime wages and wages upon termination, race and gender-based discrimination, hostile working environment, retaliation, wrongful termination, and unfair business practices. At one time, Local 19 was a party to this action but it is no longer.[5] WRR and Sokol are, and were, counsel to Local 19.

On December 24, 2011, Bay 101 served Sokol with a subpoena seeking his deposition. In addition, Bay 101 served Sokol's law firm, WRR, and Local 19 with subpoenas seeking documents related to Dang and their communications with her. As noted previously, Bay 101 withdrew the subpoenas after Local 19 moved to quash.

## II.  LEGAL STANDARDS

Fed. R. Civ. P. 45(c)(1) provides that:

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.[6]

## III.  DISCUSSION

It is stipulated that Bay 101 withdrew the subpoenas served on Local 19, Sokol, and his law firm after Local 19 moved to quash them. Under the standard for sanctions set forth by Rule 45(c)(1), the question before the court in considering Local 19's request for fees is thus straightforward: did Bay 101 nevertheless take reasonable steps to avoid imposing undue burden or expense on Local 19?

As an initial matter, the court is persuaded that before filing the motion to quash, Local 19 met and conferred in good faith with Bay 101 in an effort to have the subpoenas withdrawn without court action. Local 19 "repeatedly advised" Bay 101 that there was a specific showing that had to be met before Sokol could be deposed and documents produced from his law firm.

---

[5] *See* Docket No. 39.

[6] Fed. R. Civ. P. 45(c)(1).

3

Turning to the reasonableness of Bay 101 in serving and then withdrawing the subpoenas, the call is a lot closer. Local 19 contends that Bay 101 abused the subpoena power, characterizing the subpoenas that Bay 101 served in this action as "absurd and far from reasonable." It notes that Bay 101's subpoenas seek communications between Local 19 and its counsel WRR, on the one hand, and Dang and her counsel, on the other. In addition, whatever the relevance of other discovery sought, Local 19 argues that the subpoenas served were an end-run around an agreement that the parties made not to undertake discovery in the arbitration and that the discovery sought by the subpoenas would have a chilling effect on communications between the union and its members.

Bay 101 responds that the discovery sought was relevant to Dang's claims and to its own affirmative defenses. Bay 101 sought to determine whether Dang, or other Bay 101 employees, ever complained to Local 19 about wages, hours and meal breaks, how Local 19 handled those complaints, and how Local 19 raised them with Bay 101. In addition, Bay 101 sought discovery related to any of Dang's claims involving discrimination and harassment, including whether she raised any of these issues with the union beforehand. Bay 101 also sought discovery to determine whether Dang ever sought job search assistance from Local 19 as part of its defense to Dang's claims for lost wages and benefits. Bay 101 disputes that the attorney-client privilege and work-product doctrine all of bars the discovery sought. Neither Sokol nor his law firm is counsel to Dang. Nor are they parties to this case. And even if Local 19 may have had grounds to object to some of the discovery requests, Bay 101 nonetheless acted reasonably and in good faith.

There is little doubt that communications between Local 19 and its counsel may be privileged. But communications between Local 19 and Dang are not.[7] Local 19 cites no specific authority, and the court has found none, to support the notion that there is a privilege for union-employee communications.

As for Local 19's claim that the subpoenas had a chilling effect on communications between the union and its members, thereby infringing their First Amendment rights, Local 19

---

[7] *See, e.g., McCoy v. Southwest Airlines Company, Inc.,* 211 F.R.D. 381, 387-88 (C.D. Cal. 2002) and *Parra v. Bashas' Inc.,* Case No. CIV 02-591-PHX RCB, 2003 WL 25781409 (D. Ariz. Oct. 2, 2003).

4

Case No.: C 10-02181 RMW (PSG)
ORDER DENYING THIRD-PARTY'S MOTION FOR ATTORNEY'S FEES

must demonstrate that disclosure would have resulted either: (1) in harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or chilling of the members' associational rights. [8] While the court is sympathetic to the notion that such a chill might be objectively real, the Fernandes declaration filed in support of Local 19's motion to quash offers only his subjective beliefs:

> I understand that Bay 101 is attempting to obtain information regarding communications made between Local 19 and/or its counsel and, Local 19 members at Bay 101 to obtain such information would serve as an obstacle to communications between Local 19 and its members, because members may fear that what they say to Local 19 will eventually be discovered by the employer . . . I believe that Local 19 members would be reluctant to communicate freely with Local 19. I believe this chilling effect would have a substantial and negative effect on Local 19's ability to represent its members.[9]

The Ninth Circuit has explained that "[b]are allegations of possible first amendment violations are insufficient to justify judicial intervention into a pending investigation . . . [rather than] 'objective and articulable facts, which go beyond broad allegations or subjective fears.'"[10] Fernandes's speculative beliefs thus are insufficient.

Bay 101 certainly could have served more narrowly tailored requests that evaded materials clearly off limits and acted more promptly to avoid putting Local 19 to the task of clearing itself of the cloud of the subpoenas. But at least as to the document subpoenas and as it acknowledges, Local 19 could simply have objected to the subpoena, secure in the knowledge that such an objection relieved it of any duty to act further.[11] On the entirety of this record, the court cannot find that an award of attorneys' fees is warranted.

---

[8] *See Dole v. Service Employees Union, AFL-CIO, Local 280,* 950 F.2d 1456, 1459-1460 (9th Cir. 1991).

[9] *See* Docket No. 67 at 2.

[10] *See McLaughlin v. Service Employees Union, AFL-CIO, Local 280,* 880 F.2d 170, 175 (9th Cir. 1989) ("*SEIU I*") (quoting *Brock v. Local 375 Plumbers Int'l Union of America, AFL-CIO,* 860 F.2d 349, 350 n.1 (9th Cir. 1988)).

[11] *See* Fed. R. Civ. P. 45(c)(2)(B). *See also Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492, 494 (9th Cir. 1983) (holding that subpoenaed party not obligated to search for, or produce, documents after serving objections); *In re McKesson Governmental Entities Average Wholesale Price Litigation,* 264 F.R.D. 595, 600 (N.D. Cal. 2009) (holding that, after objections to a subpoena have been served, responding party need only produce documents if ordered by a court on motion).

## IV.   CONCLUSION

Local 19's motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated:   7/13/2012

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge