JAMES McMANIS (40958)
SHARON KIRSCH (157157)
MATTHEW SCHECHTER (212003)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    408-279-8700
Facsimile:    408-279-3244
Email:        skirsch@mcmanislaw.com
              mschechter@mcmanislaw.com

Attorneys for Defendant,
SUTTER'S PLACE, INC. dba BAY 101

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SUTTER'S PLACE, INC. dba BAY 101 or BAY 101 CASINO, UNITE HERE! LOCAL 19, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 10-CV-02181 (RMW)<br><br>**BAY 101'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE 4: REQUEST FOR JUDICIAL NOTICE OF ARBITRATION AWARD**<br><br>Trial Date:　September 10, 2012<br>Time:　　　 1:30 p.m.<br>Courtroom:　6, 4th Floor<br>Judge:　　　The Hon. Ronald M. Whyte |

　　　　Defendant, Sutter's Place, Inc. dba Bay 101 ("Bay 101") opposes Plaintiff's Motion in Limine 4: Plaintiff's Request for Judicial Notice of Arbitration Award in a Related Case ("Plaintiff's MIL 4"). In this motion in limine, plaintiff, Cuc Dang ("Dang"), asks the Court not only to take judicial notice of an arbitration award involving different parties and different legal issues, but to instruct the jury to treat the arbitration award as "conclusive evidence." (*See* Plaintiff's MIL 4, 1:20-24.)

　　　　Dang's request is really a request to collaterally estop Bay 101 from introducing evidence related to its decision to terminate Dang. However, the doctrine of collateral estoppel cannot be applied where the arbitration was between different parties and the standards and burdens of

1  proof are also different.  Moreover, Courts cannot take judicial notice of factual findings made

2  by another court.  The facts at issue in the arbitration hearing are not "indisputable," as required

3  for a fact to be judicially noticed.  In addition, the arbitration award is inadmissible hearsay.

4  Finally, taking judicial notice of the arbitrator's decision would be unfairly prejudicial to Bay

5  101 and confusing to the jury.  If the arbitrator's decision were judicially noticed, especially as

6  "conclusive evidence," the jury likely would defer to the arbitrator's decision.

7       For all of these reasons, Plaintiff's Motion in Limine 4 should be denied.

8  **STATEMENT OF FACTS**

9       On August 10, 2010, an arbitration was held in San Jose between Bay 101 and Local 19,

10 the union that represented Dang ("Local 19").  The arbitration was limited to the issues of (1)

11 whether Bay 101 had just cause to terminate Dang, and (2) if not, what should be the remedy.

12 Bay 101 had the burden of proof.  *See* Declaration of Matthew Schechter in Opposition to

13 Plaintiff's MIL 4 ("Schechter Decl."), ¶ 2, Exh. A, pp. 1-2.  Local 19's attorney, William Sokol,

14 told the arbitrator at closing argument that her obligation in weighing the evidence "is to

15 determine whether the employer carried its burden of proving that it had sufficient basis to

16 terminate Ms. Dang and end her employment with Bay 101 during a deeply depressed economic

17 time." *Id.* at ¶ 3, Exh. B (Transcript of Closing Argument), 3:4-10.

18      During the arbitration hearing, Mr. Sokol stated, "Our intent is not to litigate or in any

19 way present to you whether there was sexual harassment or not or what the facts are giving rise

20 to that or in way try to explore that." *Id*. at ¶ 4, Exh. C (August 10, 2010 Transcript of

21 Arbitration Hearing), 20:1-4.  Mr. Sokol also said, "With respect to what we are presenting here,

22 our issue is whether she was terminated for just cause.  It's the termination.  It's not whether she

23 was sexually harassed.  That's not been introduced as an issue.  Not relevant to this proceeding,

24 as far as we're concerned." *Id*. at Exh. C, 24:7-10.

25      In regard to this lawsuit, which Dang already had filed in federal court at the time of the

26 arbitration hearing, Mr. Sokol explained: "Ms. Dang has filed a lawsuit.  It does involve sexual

27 harassment – retaliation, sex harassment, etcetera.  I don't intend to in any way – we have no

28 authority to litigate that case in any way, nor would we want to, nor do we intend to in any way.

1   We will put it in as an exhibit; simply the complaint, with no evidence about it, so she's aware,
2   okay, there's a complaint." *Id.* at Exh. C, 25:12-19.
3       None of Dang's pending causes of action in her First Amended Complaint ("FAC")
4   focuses on whether there was "just cause" for Bay 101 to terminate her.  Rather, the claims
5   involving her termination are based on discrimination and retaliation.  Bay 101 claims that it had
6   a legitimate non-discriminatory business reason for discharging plaintiff.  Bay 101's reason, if
7   nondiscriminatory, need not necessarily have been wise or correct. *Guz v. Bechtel Nat'l, Inc.*
8   (2000) 24 Cal.4th 317, 358.  Dang bears the burden of proving that Bay 101 intentionally
9   discriminated against her based on some protected status, or in the case of retaliation, that Bay
10  101 intentionally retaliated against her for engaging in protected activity.  *Id*. at 356; *Yanowitz v.*
11  *L'Oreal USA, Inc.,* (2005) 36 Cal. 4th 1028, 1042.
12      The legal standards, burdens of proof, and relevant evidence involved in Dang's lawsuit
13  are unique and different from the standards applied to Bay 101's arbitration with Local 19 and
14  Dang's motion, which is a thinly veiled request for this Court to apply the doctrine of equitable
15  estoppel, should be denied.

16  **LEGAL ARGUMENT**

17  **I.  DANG CANNOT USE THE ARBITRATION AWARD AS COLLATERAL**
18      **ESTOPPEL WHEN THE PARTIES AND ISSUES IN THIS ACTION ARE**
       **DIFFERENT FROM THOSE IN THE ARBITRATION.**
19

20      In order for a fact to be judicially noticed under Federal Rule of Evidence 201(b),
21  "indisputability is a prerequisite." *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).
22  "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing
23  contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact
24  must be one that only an unreasonable person would insist on disputing." *Id*.  "If it were
25  permissible for a court to take judicial notice of a fact merely because it has been found to be
26  true in some other action, the doctrine of collateral estoppel would be superfluous." *Id*.
27      Dang asks this Court to take judicial notice of the arbitration award, and additionally, to
28  "instruct the jury to take the noticed arbitration award as conclusive evidence …." (Plaintiff's

1   MIL 4, 1:22-24.)  Dang does not specify as to what issue this evidence is "conclusive," but she
2   evidently wants the jury to be instructed that the arbitration award is conclusive proof to which
3   the jury must defer.  In essence, Dang asks the Court to treat the arbitration award as collateral
4   estoppel on some or all of the pending causes of action.

5         Collateral estoppel applies when a judgment in one action is treated as a conclusive
6   adjudication of issues in a second case between the same parties when the same issues were
7   actually litigated and decided in the first action.  7 Witkin, Cal. Procedure, Judgment, § 413, p.
8   1053 (5th ed. 2008).  However, as noted above, the parties and the issues in this action are
9   different from the parties and issues in the arbitration.

10        More importantly, if Dang wanted the Court to apply collateral estoppel to any or all of
11  the pending causes of action, she should have made that request.  Instead, she submitted a motion
12  in limine for judicial notice of an award at an arbitration hearing where the union attorney went
13  to great lengths to advise the arbitrator that the arbitration case had nothing to do with the federal
14  litigation.  "With respect to what we are presenting here, our issue is whether she was terminated
15  for just cause.  It's the termination.  It's not whether she was sexually harassed.  That's not been
16  introduced as an issue.  Not relevant to this proceeding, as far as we're concerned."  Schechter
17  Decl., Exh. C, 24:7-10.

18        As the parties and the issues are different, the arbitration award does not collaterally
19  estop Bay 101 from introducing evidence on any of the pending causes of action.  The request
20  for judicial notice should be denied.

21        In addition, Dang fails to meet the absolute prerequisite for judicial notice: a showing that
22  the fact to be judicially noticed is "indisputable."  *Jones, supra,* 29 F.3d at 1553.  As one court
23  stated, "[W]e have difficulty conceiving of an adjudicative fact found in a court record that is not
24  subject of reasonable dispute and, therefore, of which a court could take judicial notice.  If such a
25  fact were to exist, it would seem that it would have to obtain its 'indisputable' status from some
26  source other than a court's imprimatur in the form of a factual finding."  *Taylor v. Charter*
27  *Medical Corp.,* 162 F.3d 827, 830 fn. 18 (5th Cir. 1998) (emphasis added).  Dang made no effort
28  to show which facts are indisputable or why.

1  Dang argues that a court must take judicial notice "if requested by a party and provided with the necessary information." (*See* Plaintiff's MIL 4, 2:22-23, citing Fed. R. Evid. 201(c).) Providing the "necessary information," however, means "demonstrating the matter is not subject to reasonable dispute." Jones, Rosen, Wegner & Jones, Rutter Group Practice Guide: Federal Civil Trials & Evidence, § 8:297, p. 8D-26 (The Rutter Group 2012). Indeed, Bay 101 disputes the award and the findings of the arbitrator. Dang did not attempt to prove, and could not prove, that the arbitration award is "indisputable." For this reason, the Court is not "required" to take judicial notice of the award or to instruct the jury to treat the award as "conclusive" evidence.

## II. THE COURT MAY NOT TAKE JUDICIAL NOTICE OF A DOCUMENT FILED IN ANOTHER COURT OR LEGAL PROCEEDING FOR THE TRUTH OF THE MATTER ASSERTED IN THE OTHER MATTER.

A court may not take judicial notice of a document filed in another court "for the truth of the matter asserted in the other litigation," but only to establish the fact of such litigation and related proceedings. *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388. "[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *Jones, supra,* 29 F.3d at 1553. Although a court could take judicial notice of the existence of court files in another case, it "may not take judicial notice of the truth of the factual findings made by such other court, because such facts do not qualify as facts 'not subject to reasonable dispute' within the meaning of Rule 201(b)." *Munoz v. McGrath,* 2005 U.S. Dist. LEXIS 30859, *9-*10 (N.D. CA Sept. 8, 2005). "[J]udicial notice for the truth of the findings of facts from another case is not appropriate." *Bills v. Clark,* 2012 U.S. Dist. LEXIS 83626, *9 (E.D. CA June 15 2012). Because the truth of factual findings in another matter cannot be judicially noticed, Dang's request should be denied.

The cases cited by Dang in Plaintiff's MIL 4 are factually and procedurally distinguishable from the instant action. In *Ramirez-Lebron v. Int'l Shipping Agency, Inc.,* 593 F.3d 124, 127, 129 fn. 2 (1st Cir. 2010), the court took judicial notice of an arbitration award in a dispute about whether that award was fraudulently obtained and should be vacated. Those are not the circumstances here. In *Bloedorn v. Francisco Foods, Inc.,* 276 F.3d 270, 276, 284-285,

287 (7th Cir. 2001), the court took judicial notice of a decision by an Administrative Law Judge ("ALJ") in support of a petition for interim relief when it found that the Regional Director of Region 30 of the National Labor Relations Board (the "Director") had a "better than negligible" chance of prevailing on the merits.  The court explained its use of the ALJ's decision by stating that, "Assessing the Director's likelihood of success calls for a predictive judgment about what the Board is likely to do with the case" since the ALJ is the NLRB's "first-level decisionmaker." *Id*., at 288.   The decision was not binding on the court, or a jury, in a later proceeding. See *Id*.

Accordingly, these cases provide no support for the Court to take judicial notice of the "truth" of the factual findings in the arbitration award.  This Court should deny Plaintiff's MIL 4.

### III.  EVIDENCE CONCERNING THE DECISION OF THE ARBITRATOR SHOULD BE EXCLUDED AS INADMISSIBLE HEARSAY.

Additionally, the Court should exclude the arbitration award because it is inadmissible hearsay.  Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  Hearsay evidence is not admissible at trial. Fed. R. Evid. 802.

In *Park W. Radiology v. CareCore Nat'l LLC*, the plaintiffs sought to introduce into evidence an arbitration decision to show that in arbitration subsequent to the lawsuit, the arbitrator had found for the plaintiffs on several issues relevant to the present case between the parties.  675 F. Supp. 2d 314 (S.D.N.Y. 2009).  Granting the defendants' motion in limine to exclude the arbitration decision, the court found that the decision was inadmissible hearsay. The arbitration decision was by definition hearsay, the court found, because the arbitrator was not testifying at trial and the plaintiff sought to introduce the arbitration decision for no purpose "other than to prove the substance and outcome of the arbitration, in other words, the truth of the matter asserted." *Id.* at 329-330.  The court further held that the arbitration decision could not be considered nonhearsay under any exception. *Id.* at 330.

Likewise here, Dang does not wish to have the arbitrator testify at trial. Rather, she seeks to introduce the arbitration award as "conclusive evidence" of the arbitrator's findings. Dang is asking the court to admit the arbitrator's out of court statement, the arbitration award, for the

truth of the matter asserted, the substance and outcome of the arbitration. Under the Federal Rules of Evidence, the arbitration award is by definition inadmissible hearsay and must be excluded. A request for judicial notice should not trump the hearsay rules in these circumstances.

### IV. EVIDENCE CONCERNING THE DECISION OF THE ARBITRATOR SHOULD BE EXCLUDED UNDER RULE 403 AS PREJUDICIAL, MISLEADING AND CONFUSING.

A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

As shown above, the pending causes of action in the FAC, as well as the factual allegations, legal procedures, and decision-making process are different than the claims, facts, procedures and process followed in the arbitration hearing. If the arbitrator award (to reinstate Dang with back pay and benefits) were introduced as evidence in this action, it would be unfairly prejudicial to Bay 101 because it implies wrongful conduct based on an issue (whether Bay 101 had just cause to terminate Dang) that is inapplicable to the causes of action currently before this Court.

"Unfair prejudice … means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See* Fed. R. Evid. 403, Adv. Comm. Notes; *Arlio v. Lively,* 474 F.3d 46, 53 (2nd Cir. 2007) [admission of evidence of arbitration hearing on collateral issue of why plaintiff was not seeking back pay was prejudicial and confusing because of strong temptation by jury to conform verdict to arbitrators' decision]. Admitting evidence about previous cases between the same parties will result in the merits of other cases becoming inextricably intertwined with the case at bar. *Arlio, supra,* 474 F.3d at 53, citing *Kinan v. City of Brockton,* 876 F.2d 1029, 1034 (1st Cir. 1989). "District courts must assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations." *Arlio, supra,* 474 F.3d at 53.

As evidence of the arbitrator's decision would be unfairly prejudicial, would confuse the issues, and could mislead the jury, it must be excluded.

7
BAY 101'S OPPOSITION TO PLAINTIFF'S MIL 4: REQUEST FOR JUDICIAL NOTICE OF ARBITRATION AWARD; CASE NO. 10-CV-02181(RMW)

## **CONCLUSION**

Dang's request that the Court take judicial notice of the arbitration award must be denied. The arbitration hearing involved different parties, different legal issues, different evidence, and different standards. The evidence at issue is not "indisputable," which is the primary prerequisite under Federal Rule of Evidence 201, and Dang makes no effort to show the factual findings or the arbitration award are "indisputable." Rule 201 also precludes courts from taking judicial notice of the truth of factual findings made in other cases. In addition, the award is inadmissible hearsay. Finally, pursuant to Federal Rule of Evidence 403, taking notice of the arbitration award would be prejudicial, confusing and misleading. For these reasons, Plaintiff's MIL 4 must be denied.

Dated: August 16, 2012                                    McMANIS FAULKNER

                                                                                                  /s/ Matthew Schechter
                                                                                               JAMES McMANIS
                                                                                               SHARON KIRSCH
                                                                                               MATTHEW SCHECHTER

                                                                                               Attorneys for Defendant,
                                                                                               SUTTER'S PLACE, INC. dba BAY 101