**E-FILED on**   3/20/13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>        Plaintiff,<br><br>      v.<br><br>SUTTER'S PLACE, INC. dba BAY 101 or BAY 101 CASINO, UNITE HERE! LOCAL 19, and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. C-10-02181 RMW<br><br>**RULINGS ON PLAINTIFF'S OFFER OF DEPOSITION AND DISCOVERY RESPONSES AS EVIDENCE**<br><br>**Re: Dkt. No. 120** |

    The court GRANTS plaintiff's request to offer defendant Bay 101's Responses to Plaintiff's Special Interrogatories Nos. 1-3 as evidence at trial. Defendant Bay 101 does not object to the these proposed discovery responses.

    The court DENIES plaintiff's request to offer the excerpts from the deposition transcript of Suping Zeng ("Zeng") at trial. Zeng is not a party to the litigation, so her deposition is not generally admissible under Federal Rule of Civil Procedure ("Rule") 32(a)(3). Zeng's deposition is admissible under Rule 32(a)(4) only if plaintiff (A) is dead, (B) is located more than 100 miles away, (C) is to old or ill to testify or is imprisoned, (D) if Zeng's attendance cannot be procured by subpoena, or (E) if on motion and notice, exceptional circumstances are shown. In this case, Zeng's restaurant is located in San Jose, California, Zeng recently appeared for her deposition, and plaintiff

1  makes no allegation that Zeng is otherwise located more than 100 miles away or unavailable to
2  testify under any other exception in Rule 32(a)(4). Accordingly, the court denies plantiff's request to
3  offer her deposition testimony at trial in leiu of her presence.

DATED: March 20, 2013



RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

RULINGS ON PLAINTIFF'S OFFER OF DEPOSITION AND DISCOVERY RESPONSES AS EVIDENCE—No. C-10-02181 RMW
ALG
2