UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>          Plaintiff,<br><br>v.<br><br>SUTTER'S PLACE, INC. dba BAY 101 or BAY 101 CASINO, UNITE HERE! LOCAL 19, and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No. C-10-02181-RMW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**[Re Docket No. 234]** |

Defendant, Sutter's Place, Inc., dba Bay 101 ("Bay 101"), moves for judgment as a matter of law ("JMOL") on plaintiff Cuc Dang's ("Dang") cause of action based on Bay 101's failure to provide meal and rest breaks in violation of Cal. Lab. Code §§ 226.7 and 512. The jury found in favor of Dang on these claims and awarded damages based on Bay 101's failure to provide Dang with 100 meal breaks and 473 missed rest breaks. Verdict, Dkt. No. 263. Because substantial evidence supports the jury's verdict, the court DENIES defendant's motion for JMOL.

## I. BACKGROUND

On May 19, 2010, Dang filed a complaint against her employer Bay 101 alleging: (1) failure to provide meal and rest periods in violation of Cal. Lab. Code §§ 226.7 and 512; (2) failure to pay

1   overtime wages in violation of Cal. Lab. Code §§ 510, 1194 and the Fair Lab. Standards Act, 29

2   U.S.C. § 201, *et seq.*; (3) failure to pay wages upon termination in violation of Cal. Lab. Code

3   § 201, *et seq.*; (4) gender and sexual discrimination in violation of Cal. Gov't Code § 12900, *et seq.*;

4   (5) race and national discrimination in violation of Cal. Gov't Code § 12900, *et seq.*; (6) hostile

5   work environment in violation of Cal. Gov't Code § 12900, *et seq.*; (7) retaliation in violation of

6   Govt. Code § 12940; and (8) unlawful and unfair business acts and practices in violation of Cal.

7   Bus. & Prof. Code § 17200, *et seq.* ("UCL"). *See* Compl., Dkt. No. 1. The court dismissed Dang's

8   ninth claim and tenth claims against the union and for intentional infliction of emotional distress,

9   respectively. *See* Dkt. No. 35.

10   Between April 30, 2013 and May 20, 2013, the court held a jury trial on all of Dang's

11   remaining causes of action, except for her UCL claim for unlawful and unfair business practices

12   (which is presently before the court in a separate submission from Dang). On May 14, 2013, Bay

13   101 moved for JMOL on all of Dang's causes of action and claim for punitive damages. *See* Def.'s

14   Mot., Dkt. No. 234. The court deferred ruling on Bay 101's motion and submitted all the issues to a

15   jury. On May 22, 2013, the jury returned a verdict on all issues. The jury found in favor of Dang

16   with respect to only her first cause of action for failure to provide meal and rest periods. The jury

17   found for Bay 101 on all of Dang's remaining claims.

18   On August 21, 2013, Dang filed an opposition to Bay 101's motion for JMOL with respect

19   to Dang's claims for failure to provide meal and rest breaks. In light of the jury's verdict, Bay 101's

20   motion is moot with respect to the remainder of the claims. The court considers whether JMOL is

21   appropriate with respect to Dang's meal and rest break claims.

## II. ANALYSIS

### A. Renewed Motion For JMOL

In relevant part, Federal Rule of Civil Procedure 50(b) provides:

> If the court does not grant a motion for [JMOL] made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for [JMOL] . . . .

"We review a jury's verdict for substantial evidence in ruling on a properly made motion under Rule 50(b)." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Barnard v. Theobald*, 721 F.3d 1069, 1075 (9th Cir. 2013) (quoting *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005)). JMOL should be granted only where "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Krechman v. Cnty. of Riverside*, 723 F.3d 1104, 1109-10 (9th Cir. 2013) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir. 2003)). "[T]he court 'may not substitute its view of evidence for that of the jury.'" *Id.* at 1110 (quoting *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001)).

### B. Parties' Arguments

Dang first argues that Bay 101's Rule 50(a) motion is moot because "the jury rendered a verdict after the motion was made and [Bay 101] has not renewed the motion as required by Federal Rule of Civil Procedure 50(b)." Opp'n 1, Dkt. No. 269. In the alternative, Dang argues on the merits that the court should deny Bay 101's renewed motion because "ample evidence at trial" supports the jury's verdict. *Id.* at 2.

Defendant's counter that its Rule 50(a) motion for JMOL is not moot because: (1) it properly filed its motion before the close of evidence; (2) judgment has not yet been entered; and (3) Dang has waived any argument that the motion is moot by filing a joint stipulation on June 14, 2013 requesting (a) a hearing date for Bay 101's motion for JMOL and (b) the court to delay entry of judgment until after the resolution of Dang's UCL claim. Reply 2-3, Dkt. No. 274. On the merits, Bay 101 argues that JMOL in its favor on the meal and rest break claims is appropriate because the evidence is insufficient to support the jury's verdict and any testimony that Dang relies on "only amounts to speculation that she was unable to take her breaks." *Id.* at 7.

### C. Whether Bay 101 Properly Renewed its Motion for JMOL

It is not disputed that Bay 101 timely filed its May 14, 2013 motion for JMOL pursuant to Rule 50(a). *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002) (Rule 50(a) motion must be made before submission to a jury to be considered timely). It is also not disputed

that final judgment has not yet been entered in this case because of Dang's remaining UCL claims. *See* Parties' Joint Stipulation, Dkt. No. 260. Thus, Bay 101's time period to renew its motion for JMOL has not passed. Nor does Bay 101 raise any new arguments in the reply brief that Dang was not already on notice of based on Bay 101's Rule 50(a) motion. *See Go Daddy*, 581 F.3d at 961 (A party cannot raise new arguments in its post-trial motion that it did not raise in its pre-verdict motion). Accordingly, the issue boils down to whether the court should consider Bay 101's motion for JMOL renewed based on the parties' conduct, or require Bay 101 to "officially" renew before the court decides the issue.

On June 13, 2013, the court contacted the parties indicating that the court needed to set a hearing date on Bay 101's deferred motion for JMOL. Schechter Decl., Ex. A, Dkt. No. 275-1. The following day, the parties filed a joint stipulation requesting a hearing date for Bay 101's motion for JMOL and asking the court to delay entry of judgment until after the resolution of Dang's UCL claim, which the court granted. The conduct of both parties in response to the court's communication indicates a mutual understanding that Bay 101's motion was renewed, or was intended to be renewed. Although Bay 101 did not technically file a renewed motion, the court concludes that it has either renewed its motion by implication, or at least its representations in its reply brief are sufficient to constitute a renewed motion. Moreover, the "renewed" motion is timely made. Even if Bay 101's motion were untimely, which it is not, the deadline for renewing a Rule 50(b) motion is a "non-jurisdictional claim processing rule" and therefore the deadline can be waived or forfeited. *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).[1] Accordingly, the court proceeds to the merits of Bay 101's motion for JMOL.

**D. Sufficiency of Evidence**

California law requires employers to provide employees with a 30-minute meal period for every five hours worked and 10-minute of rest breaks for every four hours worked or major fraction thereof. *See generally Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1028, 1034 (2012). With respect to rest breaks, "an employer's obligation is to relieve its employee of all duty, with the employee thereafter at liberty to use the meal period for whatever purpose he or she desires, but the

---

[1] Because this case was decided before the 2009 amendment to Rule 50, the opinion references the previous 10-day deadline rather than the current 28-day deadline.

JMOL ORDER
Case No. C-10-02181-RMW - 4 -
AAB/ALG

employer need not ensure that no work is done." *Id.* at 1017.  Failure to comply with these requirements renders an employer liable for premium pay in most circumstances. *See id.* at 1018, 1039.  In this context, premium pay equals one hour of pay at an employee's regular pay rate for each workday that the meal or rest break is not provided. Cal. Labor Code § 226.7(c), *amended by* 2013 Cal. Legis. Serv. Ch. 719 (S.B. 435) (filed with the Secretary of State October 10, 2013) (formerly § 226.7(b)).

According to Dang's testimony, on average she involuntarily missed: as a cook, one rest break a day and two meal a week; and, as a server, two rest breaks a day. Pl.'s Test., Tr. 572:13-573:15 (Dkt. No. 229).  Dang testified that she was required to clock out even when she was unable to take her lunch break. *Id.* at 574:13-20.  In total, just during her time as a cook, Dang requested compensation for 260 missed meal breaks and 650 missed rest periods.  Based on an award of one hour of pay at her regular pay rate for each missed break, the jury awarded Dang: $1,165.00 for 100 missed meal periods and $5,800 for 473 missed rest breaks. Verdict 1-2.  The jury's award is substantially less than what Dang requested.

Bay 101 argues that "there is simply no[] evidence to support the verdict of the jury." Reply 1. According to Bay 101, only Dang's "self-serving testimony" supports her allegations that Bay 101 required her to work off-the-clock during her meal and rest breaks. Bay 101 contends that the testimony of Miguel Gutierrez ("Gutierrez"), Chi Luong ("Luong"), and George Castillo ("Castillo") is insufficient either because they did not usually work with Dang in the kitchen (Luong and Gutierrez) or did not testify regarding *Dang's* missed breaks specifically (Gutierrez), and thus could not corroborate her testimony. Bay 101 also points to the fact that Dang never officially complained to Bay 101 about missed meal and rest breaks as evidence undermining Dang's testimony.

The court disagrees with Bay 101.  Based on the evidence presented at trial, the court finds that a reasonable jury could reach the conclusion that Bay 101 prevented her from taking some of her meal and rest periods in violation of the law, despite the fact that she clocked out. For example, Castillo, a former Bay 101 kitchen supervisor, testified that during certain shifts he could not let employees take 10-minute rest breaks or 30-minute meal breaks. Castillo's Test., Tr. 800:11-801:5

(Dkt. No. 231). With respect to rest breaks specifically, Castillo testified that the kitchen graveyard shift was "too busy and short staffed" to allow him to let employees take rest breaks. *Id.* at 800:16-22. Regarding meal breaks, Castillo testified that "because [the kitchen is] open 24 hours . . . there is no way I can close the kitchen just because we need to take a lunch" because there would be "nobody to cover that station." *Id.* at 800:23-801:5. Castillo also testified that employees who did not clock out were penalized. *Id.* at 801:22-802:7. Another supervisor, Nick Ortega ("Ortega") corroborated Castillo's testimony, testifying that Castillo complained to him about his missed meal and rest breaks. Ortega's Test., Tr. 378:20-379:22 (Dkt. No. 222). Although Castillo's testimony is not specific to Dang, it nonetheless corroborates her testimony with respect to her missed meal and rest breaks as a cook, especially when she was working under his supervision. Although Gutierrez and Luong did not generally work with Dang in the kitchen, their testimony about Bay 101 policies and the conduct of Bay 101 supervisors also corroborates Dang's testimony. Finally, Dang's failure to complain about missed meal and rest breaks could be based on a variety of factors, including her representation that she was not aware at the time that she was, in fact, entitled to these breaks. Pl.'s Test., Tr. 561:15-23 (Dkt. No. 228). In reviewing the sufficiency of the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Because substantial evidence supports the jury's verdict, the court DENIES Bay 101's motion for JMOL.

### III. ORDER

For the foregoing reasons, the court DENIES defendant's motion for JMOL.

Dated: October 22, 2013

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge