UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUC DANG,<br><br>        Plaintiff,<br><br>v.<br><br>SUTTER'S PLACE, INC., dba BAY 101<br><br>        Defendant. | Case No. C-10-02181 RMW<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW (Re: Dang's Unfair Competition Law Claim)**<br><br>[Re: Docket No. 267] |

**A. INTRODUCTION**

On May 20, 2010, Plaintiff Cuc Dang ("Dang") filed suit against her employer Sutter's Place, Inc. dba Bay 101 ("Bay 101") alleging, *inter alia*, discrimination and related tort claims, failure to pay wages earned for hours worked and engaging in unfair business practices under California's Unfair Competition Law, California Business and Professions Code Section 17200 *et seq.* ("UCL"). On May 1 through May 22, 2013 the case was tried to a jury except for Dang's claim under the UCL. Dang now asks the court to award restitution on her UCL claim for the wages she alleges that she is entitled to for missed meal and rest periods and unpaid overtime. The amount she seeks exceeds the amount awarded by the jury for unpaid wages.

### B. FINDINGS OF FACT

1. Bay 101 is a California corporation which operates a casino. Joint Pretrial Conf. Stmt. 4 (Dkt. No. 139).

2. Cuc Dang worked at Bay 101 from July 6, 2006 until December 21, 2009. *Id.*

3. Dang first worked as a cook at Bay 101 for 130 weeks and then as a server for 36 weeks. *Id.*; Tr. 572:16-20.

4. By her UCL claim, Dang seeks to compel Bay 101 to restore unpaid wages to her in an amount in excess of that which the jury determined her lost wages to be. Dang calculates her claim for restitution as follows:

    a. For missed meal breaks: $3,196.50

    b. For missed rest periods: $9,692.25

    c. For overtime wages: $2,397.80

Pl.'s Reply Re: UCL Claim 5, 8 (Dkt. No. 276).

5. The jury found that during Dang's employment, Bay 101 failed to provide Dang with 100 required meal periods and that she is entitled to in $1,165 in damages as compensation for those missed meal periods. Jury Verdict 1 (Dkt. No. 216).

6. The jury found that during Dang's employment, Bay 101 failed to provide Dang with 473 required rest periods and that she is entitled to $5,800 in damages as compensation for those missed rest periods. *Id.* at 2-3.

7. The jury found that Dang failed to show that she worked more than eight hours on any specific day or forty hours during any specific week for which she was not properly compensated by Bay 101. *Id.* at 3.

### C. CONCLUSIONS OF LAW

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Failure to pay wages to employees in accordance with the law may constitute an unlawful and unfair business practice in violation of the UCL. *See Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 168 (2000). However, the court in

determining restitution cannot reweigh the facts that a jury found in assessing the amount to which an employee is entitled for an employer's labor code violations. "[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are 'based on the same facts,' in deciding the equitable claims 'the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (quoting *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 1989), *cert. denied,* 494 U.S. 1056 (1990)). Accordingly, the court's findings of fact are based on the jury's findings with respect to missed meal and rest breaks and overtime.

California law requires employers to provide employees with a 30-minute meal period for every five hours worked and 10-minute of rest breaks for every four hours worked or major fraction thereof. *See generally Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1028, 1034 (2012). With respect to rest breaks, "an employer's obligation is to relieve its employee of all duty, with the employee thereafter at liberty to use the meal period for whatever purpose he or she desires, but the employer need not ensure that no work is done." *Id.* at 1017. Failure to comply with these requirements renders an employer liable for premium pay in most circumstances. *See id.* at 1018, 1039. In this context, premium pay equals one hour of pay at an employee's regular pay rate for each workday that the meal or rest break is not provided. Cal. Labor Code § 226.7(c), *amended by* 2013 Cal. Legis. Serv. Ch. 719 (S.B. 435) (filed with the Secretary of State October 10, 2013) (formerly § 226.7(b)).

Damages are not available under the UCL. *Cortez*, 23 Cal. 4th at 173. When an employer has violated the UCL by failing to pay wages owed to an employee under the law, however, the employer "may be compelled to restore unpaid wages to its employees and former employees" as a form of restitution under the UCL. *Id.* at 168, 177. In this case, Dang seeks restitution in the *same amount* that she sought in damages from the jury for Bay 101's wage and hour violations. *Compare* Tr. 1497:11-23 (seeking $10,411 for missed rest breaks and $3,484 for her missed meal breaks) *with* Pl.'s Supp. Br. 7-8 (seeking the same) and Pl.'s Reply 5, 8 (modifying the amount to account for

changes to Dang's hourly rate during differing time periods of her employment).[1] The jury considered Dang's claims and awarded her less than the total amount she sought.

As discussed above, the court does not disturb the jury's findings with respect to the number of meal and rest periods that Bay 101 failed to provide to Dang and accepts those findings for the UCL claim. Dang is entitled to restitution in the form of one hour of unpaid wages for each workday that Bay 101 failed to provide her a meal or rest break. The jury awarded Dang $6,965 in damages based on: (1) 100 hours of pay at her regular pay rate for Bay 101's failure to provide meal breaks on 100 workdays; and (2) 473 hours of pay at her regular pay rate for Bay 101's failure to provide rest breaks on 473 workdays.

Based on the court's findings that Bay 101 failed to provide Dang with 100 meal periods and 473 rest breaks, the court awards Dang $6,965 in restitution. However, because the damages the jury found and restitution required by the court cover the same loss, Dang must elect to recover either restitution or damages, but not both.

Dated: October 28, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] Accordingly, the longer statute of limitations period under the UCL (four years for the UCL claim versus three years for the meal and rest break claims) does not change the amount that Dang requests in restitution.

FINDINGS OF FACT & CONCLS. OF LAW
Case No. C-10-02181 RMW
ALG
- 4 -